925 P.2d 748

**In the Matter of the APPEAL IN MARICOPA COUNTY JUVENILE ACTION NO. JV–132905.**

**No. 1 CA–JV 95–0103.**

Court of Appeals of Arizona, Division 1, Department E.

July 16, 1996.

Review Denied Oct. 21, 1996.

OPINION

THOMPSON, Judge.

This is an appeal from an order entered November 14, 1995, directing appellant (juvenile) to pay restitution in the amount of $500.00 for damages incurred subsequent to the theft of a vehicle owned by the victim. The sole issue is whether juvenile is liable for damages to victim's vehicle when he has pled guilty to the theft but denies causing the damages. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY [1]

On April 1, 1995, a petition was filed in juvenile court charging juvenile with the theft of victim's car. On July 3, 1995, juvenile admitted to the charge pursuant to a written plea agreement. As part of the plea, three prior charges were dismissed and juvenile agreed to pay up to $1,800.00 in restitution for "all matters admitted or dismissed" in the agreement. Victim submitted a Verified Victim Statement of Financial Loss on August 14, 1995, requesting $918.89 in restitution for damage to the vehicle.

At the ensuing restitution hearing, juvenile asserted that victim's car was already damaged when he came upon it abandoned on the side of the road, and that he had caused no additional damage to the vehicle. Juvenile admitted taking the car for two days, but surmised that the car had been damaged by "whoever stole it from [victim]" initially. The prosecution filed an offer of proof which indicated that juvenile's testimony was the only direct evidence as to the cause of damages to victim's car. The prosecution asserted, however, that juvenile's testimony lacked credibility and that, regardless, juvenile was liable for damages pursuant to his plea agreement.

In support of its argument that juvenile's statements were not credible, the prosecution pointed to information that initially juvenile had falsely denied ever having driven the stolen vehicle, that juvenile's mother observed him driving the vehicle and reported that he had put the car's California license

Richard Romley, Maricopa County Attorney by Diana Wilkes, Deputy County Attorney, Phoenix, for Appellee.

Howard Grodman, Phoenix, for Appellant.

---

1. On appeal, we view facts in the light most favorable to affirming the juvenile court's findings. *Matter of Juvenile Action No. JS–8490,* 179 Ariz. 102, 106, 876 P.2d 1137, 1143 (1994).

plate in a trash can, and that a girlfriend stated she had dropped juvenile off at the approximate time and place of the car theft and told him not to steal the car.

On November 14, 1995, the court ordered juvenile to pay $500.00 in restitution to victim. The court based its decision on the offer of proof, victim's verified statement, juvenile's testimony, the submitted case law, and counsels' arguments. Juvenile timely appealed from the order.

## DISCUSSION

■ Juvenile asserts that the court committed reversible error in ordering restitution when there was no definitive showing that his actions were causally related to the car's damages. Juvenile cites *Matter of Juvenile Action No. JV–128676*, 177 Ariz. 352, 868 P.2d 365 (App.1994), for the proposition that restitution to a victim is only appropriate when a causal connection between the victim's losses and the juvenile's criminal conduct is established by the evidence. In *JV–128676*, however, the juvenile appealing the restitution ordered was merely a *passenger* in a car he knew to have been stolen by the juvenile driving it; at no time was it inferred that the passenger-juvenile had been in control of the vehicle. *Id.* at 352, 868 P.2d at 365. We thus held that because the state had not established that the damage to the car was in any way attributable to the passenger's criminal trespass, the passenger-juvenile was not responsible for restitution. *Id.* at 355, 868 P.2d at 368.

In the instant case, the record shows that juvenile admitted the theft of victim's car and acknowledged that he would be held responsible for restitution by executing the plea agreement. The victim documented damage to his vehicle. Consideration of all the evidence in the record reasonably leads to the inference that juvenile's criminal conduct was related to victim's damages.

■ The juvenile court considered the credibility of juvenile's assertions and the authenticity of victim's documented damages and found juvenile responsible for $500.00 of the damages claimed. The juvenile court is in the best position to measure the credibility of witnesses. *Matter of Juvenile Action No. JS–8490*, 179 Ariz. 102, 107, 876 P.2d 1137, 1142 (1994). We do not reweigh evidence, but only look to determine if there is evidence to sustain the juvenile court's ruling. *Appeal in Pima County Juvenile Action B–10489*, 151 Ariz. 335, 338, 727 P.2d 830, 833 (App.1986). We will not disturb the juvenile court's disposition absent an abuse of discretion or unless the court's findings of fact were clearly erroneous, i.e., there is no reasonable evidence to support them. *In re Appeal in Maricopa County Juvenile Action No. JV–503009*, 171 Ariz. 272, 274, 830 P.2d 484, 486 (App.1992); *Appeal in Pima County Juvenile Action No. S–139*, 27 Ariz.App. 424, 427, 555 P.2d 892, 895 (1976); *Matter of Appeal in Maricopa County, Juvenile Action No. JS–3594*, 133 Ariz. 582, 585, 653 P.2d 39, 42 (App.1982) (juvenile court will be deemed to have made every finding necessary to support the judgment). After considering the record before us, we cannot say the court's determination of juvenile's responsibility was unreasonable.

## CONCLUSION

Because the loss suffered by victim could have been inferred to have been caused by juvenile's admitted criminal conduct, because no credible evidence was submitted by juvenile to refute this inference, and because juvenile agreed to pay restitution for losses relative to his criminal conduct, we affirm the juvenile court's order of restitution.

GERBER, P.J., and VOSS, J., concur.