153 P.3d 1049

**In re JAMES P.**

**No. 1 CA–JV 06–0074.**

Court of Appeals of Arizona, Division 1, Department D.

March 1, 2007.

Anne M. Williams, PC By Anne M. Williams, Gilbert, Attorney for Appellant.

Andrew Thomas, Maricopa County Attorney By Linda Van Brakel, Deputy County Attorney, Phoenix, Attorneys for Appellee.

## OPINION

OROZCO, Judge.

¶ 1 James P. (Juvenile) appeals the juvenile court's order adjudicating him delinquent for Assault, a class one misdemeanor, and Child Molestation, a class two felony. Juvenile argues the juvenile court erred by finding that misdemeanor assault is a lesser-included offense of child molestation. He also argues that the juvenile court committed clear error when it made its finding of facts to support adjudicating him delinquent for Child Molestation. For the following reasons, we reverse Juvenile's adjudication of delinquency for Assault, but affirm his adjudication of delinquency for Child Molestation.

## FACTS AND PROCEDURAL HISTORY

■ ¶ 2 This appeal arises from charges brought against Juvenile involving two separate victims, C.R. and C.T. The State charged Juvenile with two counts of Child Molestation against C.R., in violation of Arizona Revised Statutes (A.R.S.) section 13–1410 (2001), one count of Child Molestation against C.T., in violation of A.R.S. § 13–1410; and two counts of Sexual Conduct With A Minor against C.T., in violation of A.R.S. § 13–1405 (2001). At the time of the alleged incidents involving C.R., Juvenile was ten years old and C.R. was nine years old. At the time of the alleged incidents involving C.T., Juvenile was eleven years old and C.T. was seven years old. "[W]e view the evidence in the light most favorable to sustaining the adjudication." *In re John M.*, 201 Ariz. 424, 426, ¶ 7, 36 P.3d 772, 774 (App. 2001) (citing *In re Julio L.*, 197 Ariz. 1, 2–3, ¶ 6, 3 P.3d 383, 384–85 (2000)).

*Child Molestation Against C.R.*

¶ 3 When C.R. was in the third grade he was friends with Juvenile and they played baseball and basketball together or played at Juvenile's house. By the end of the year, C.R. and Juvenile stopped being friends because Juvenile repeatedly tried to touch C.R.'s private parts and would force C.R. to touch his private parts when they played at Juvenile's house.

¶ 4 When Juvenile tried to touch C.R.'s private areas, C.R. "would ... try to smack his hand away" and if he was unable to do so, then Juvenile "grabbed my private." Sometimes Juvenile "pulled down [C.R.'s] pants and then he would touch [C.R.'s penis]." It hurt C.R. when Juvenile grabbed his penis. Because of the pain, C.R. would try to leave but Juvenile would "push [him] down" and not let him go home. Other times, Juvenile would "grab" C.R.'s hand and "force" him to touch Juvenile's penis. Juvenile also threatened C.R. that he would not be his friend if C.R. told anyone about Juvenile touching him. C.R. finally told his mother what Juvenile did to him "because it started to hurt really bad when he grabbed it."

¶ 5 Following C.R.'s testimony before the juvenile court, Juvenile moved for a directed verdict on the Child Molestation counts involving C.R. because the State failed to prove Juvenile acted with sexual motivation. The juvenile court agreed, granted Juvenile's motion for a directed verdict and dismissed those charges of Child Molestation; however, it adjudicated Juvenile delinquent for the lesser included offense of Assault, a class one misdemeanor, in violation of A.R.S. § 13–1203.A.1 (2001).

*Child Molestation and Sexual Conduct with a Minor Against C.T.*

■ ¶ 6 When C.T. was seven years old, Juvenile's mother babysat him and his brother at her home. Juvenile and C.T. played together, usually in the playroom, but sometimes in Juvenile's bedroom.

¶ 7 On two occasions when the boys were alone in Juvenile's bedroom, he pushed C.T. onto his bed and laid on top of him. Then, Juvenile put his penis in C.T.'s mouth, which made C.T. feel "bad and queasy."

¶ 8 Other times when Juvenile and C.T. were alone in the bathroom, Juvenile removed C.T.'s pants and underwear and "put his penis into [C.T.'s] bottom." C.T. testified that it felt "[l]ike somebody jamming a knife up my butt." During these incidents, Juve-

nile stood against C.T.'s back, picked him up and shook him, all while Juvenile's penis was inside C.T. On cross-examination, C.T. clarified that Juvenile's penis was "between my bottom cheeks," but not in his bottom.

¶ 9 On cross-examination, Juvenile's attorney questioned C.T. about his prior testimony at a hearing on an injunction against harassment filed against Juvenile, which was held on April 21, 2005. Juvenile's attorney succeeded in pointing out several inconsistencies between C.T.'s testimony at the adjudication hearing and his testimony on April 21, 2005. Among other things, Juvenile's attorney impeached C.T. on matters such as whether Juvenile laid on top of C.T. on both the bed and the floor and how many times it occurred, whether the door to Juvenile's bedroom was locked, whether the lights to the bathroom were on or off and whether Juvenile's pants were on or off during the bathroom incident.

¶ 10 Before adjudicating Juvenile delinquent at the disposition hearing,[1] the juvenile court emphasized to the parties that it took thorough notes throughout the proceedings and reviewed those notes carefully. The juvenile court also noted that its judgment depended primarily on its determination of witness credibility. The juvenile court then adjudicated Juvenile delinquent for Child Molestation of C.T., specifically stating, "I find beyond a reasonable doubt that the testimony of [C.T.] in this case regarding the bathroom incident and the penis nudging behind the butt, *that he was very credible; that's one of my notes.*" (Emphasis added.) The juvenile court then found the State did not prove the elements of Sexual Conduct With A Minor beyond a reasonable doubt, and adjudicated Juvenile not guilty of the remaining counts.

¶ 11 Juvenile was adjudicated delinquent for Assault as to C.R., a class one misdemeanor, and Child Molestation as to C.T., a class two felony and sentenced to probation. Juvenile timely appealed and we have juris-

diction pursuant to A.R.S. § 8–235.A (Supp. 2006).

## DISCUSSION

*Whether Assault is a Lesser–Included Offense of Child Molestation*

¶ 12 Juvenile first argues that the court erred by finding that assault, as defined by A.R.S. § 13–1203.A.1, is a lesser-included offense of child molestation. Whether an offense is a lesser-included offense of another crime involves a matter of statutory interpretation, which we review de novo. *See State v. Skiba,* 199 Ariz. 539, 540, ¶ 7, 19 P.3d 1255, 1256 (App.2001) (citing *State v. Jensen,* 193 Ariz. 105, 107, ¶ 16, 970 P.2d 937, 939 (App.1998)).

¶ 13 Before addressing the merits of Juvenile's argument, we must first address whether the juvenile court erred, as the State suggests, when it adjudicated Juvenile delinquent under A.R.S. § 13–1203.A.1 rather than subsection A.3. We must resolve this issue first because A.R.S. § 13–1203.A.1 and A.3 contain different elements and each subsection constitutes a separate crime. *See In re Jeremiah T.,* 212 Ariz. 30, 34, ¶¶ 12–13, 126 P.3d 177, 181 (App.2006) (holding assault under subsection A.3 is not a lesser-included offense of assault under subsection A.1).

¶ 14 Under subsection A.1, a person is guilty of assault by "[i]ntentionally, knowingly or recklessly causing any physical injury to another person." However, under subsection A.3, a person is guilty of assault by "[k]nowingly touching another person with the intent to injure, insult or provoke such person." A person who commits assault under subsection A.1 is guilty of a class one misdemeanor, whereas a person who commits assault under subsection A.3 is guilty of a class three misdemeanor. A.R.S. § 13–1203.B.

¶ 15 In this case, the juvenile court did not limit which subsection of A.R.S. § 13–1203 it would consider adjudicating Juvenile under:

---

1. The adjudication hearing took place on three separate dates: October 19, 2005, November 1, 2005 and January 13, 2006. C.T. testified on October 19, 2005 and C.R. testified on January

13, 2006. The court heard testimony from additional witnesses on all three dates. The disposition hearing was not held until April 4, 2006.

I believe that there may be evidence as to [A.R.S. § 13–1203](A)(1), (2), or (3) and I think that the parties can argue them.

. . .

*And understand, [ (A)(1)] is a class 1 misdemeanor, and [ (A)(3)] is a class 3 misdemeanor,* but I think depending upon how the argument and how I review the evidence later as to whether which one, because I think they may all apply. There's some evidence of all of them, I believe, anyway.

(Emphasis added.) However, the juvenile court later adjudicated Juvenile delinquent under A.R.S. § 13–1203.A.1, stating "I find that the evidence is clear and beyond a reasonable doubt that [Juvenile], that you committed the offense of assault, *a class 1 misdemeanor.*" (Emphasis added.) The minute entry from that date reflects an adjudication of delinquent under A.R.S. § 13–1203.A.1.

¶ 16 The State argues because the record demonstrates that the judge considered assault under both subsection A.1 and A.3, and at trial the State argued for guilt only under subsection A.3 and the evidence supports a finding of guilt under subsection A.3, this court should find that assault committed under subsection A.3 is a lesser-included offense of child molestation. The State cites to *State v. Contreras,* 180 Ariz. 450, 885 P.2d 138 (App.1994) for the proposition that this court may correct a discrepancy in the record rather than remand to the trial court. In *Contreras,* this court stated in a footnote, "[w]hen we are able to ascertain the trial court's intention by reference to the record, remand for clarification is unnecessary." *Id.* at 453 n. 2, 885 P.2d at 141 n. 2. (Citation omitted.) The court in *Contreras* found that even though the judge stated at the hearing that restitution would be in the amount of $300, all other evidence, including the minute entry, prior discussions on the record, and the amended probation terms, indicated that restitution should be in the amount of $330, and proceeded with its discussion based on that greater amount. *Id.*

¶ 17 In this case, we are not faced with clear evidence as in *Contreras* that the juvenile court meant to adjudicate Juvenile delinquent pursuant to A.R.S. § 13–1203.A.3 rather than subsection A.1. Prior to hearing arguments from the parties, the juvenile court explained the differences between the punishments for subsections A.1 and A.3. When it entered judgment against Juvenile, it specifically stated that it was adjudicating Juvenile delinquent for a class one misdemeanor, which is consistent with a finding of guilt under subsection A.1. The State offers no concrete evidence that the finding of delinquency should have been under subsection A.3 and it did not object after the court entered judgment for a class one misdemeanor. We conclude that the juvenile court found Juvenile delinquent under A.R.S. § 13–1203.A.1, and now address whether this constitutes a lesser-included offense of child molestation.

¶ 18 A person may only be convicted of a crime different than that in the charging document if it is a lesser-included offense of the original crime. *Maricopa County Juv. Action No. J–75755,* 111 Ariz. 103, 105, 523 P.2d 1304, 1306 (1974). (Citations omitted.) A crime is a lesser-included offense of the originally charged crime if "by its very nature, [it is] always a constituent part of the greater offense, or whether the charging document describes the lesser offense even though it does not always make up a constituent part of the greater offense." *In re Victoria K.,* 198 Ariz. 527, 529–30, ¶ 9, 11 P.3d 1066, 1068–69 (App.2000). (Citations omitted.)

¶ 19 "[F]or one offense to be included within another, greater offense, the greater must have all the elements of the lesser plus at least one additional element." *Id.* at 530, ¶ 15, 11 P.3d at 1069. (Citation omitted.) "Put another way, the greater offense contains each element of the lesser offense plus one or more elements not found in the lesser." *Jeremiah T.,* 212 Ariz. at 32, ¶ 5, 126 P.3d at 179. (Citations omitted.) To sustain a conviction of a lesser-included offense, "[i]t must also be shown that the lesser cannot be committed without always satisfying the corresponding elements of the greater." *Victoria K.,* 198 Ariz. at 531, ¶ 17, 11 P.3d at 1070. (Citation omitted.)

¶ 20 In this case, we must analyze whether child molestation, the greater offense, contains all of the elements necessary to commit assault under A.R.S. § 13–1203.A.1.

■ ¶ 21 Child molestation is committed "by intentionally or knowingly engaging in or causing a person to engage in sexual contact ... with a child under fifteen years of age." A.R.S. § 13–1410.A. Sexual contact is defined as "any direct or indirect touching, fondling or manipulating of any part of the genitals, anus or female breast by any part of the body or by any object or causing a person to engage in such contact." A.R.S. § 13–1401.1 (2001). The person must also "be motivated by a sexual interest." *State v. Lujan*, 192 Ariz. 448, 451, ¶ 7, 967 P.2d 123, 126 (1998) (interpreting A.R.S. § 13–1407.E (Supp. 2006),[2] which states "[i]t is a defense to prosecution pursuant to § ... 13–1410 that the defendant was not motivated by a sexual interest."); *see also Maricopa County Juv. Action No. JV–121430*, 172 Ariz. 604, 607, 838 P.2d 1365, 1368 (App.1992).

■ ¶ 22 To summarize, the elements of child molestation are (1) intentionally or knowingly, (2) engaging in (or causing another to engage in) touching, fondling or manipulating of another's private areas, (3) while motivated by a sexual interest, (4) with a child under the age of fifteen. Furthermore, the elements of class one misdemeanor assault are (1) intentionally, knowingly or recklessly, (2) causing any physical injury to another person. A.R.S. § 13–1203.A.1. Physical injury is defined as "impairment of physical condition." A.R.S. § 13–105.29 (Supp.2006).

¶ 23 The lesser-included offense, assault, contains an element, causing physical injury, which the greater offense does not contain. Because child molestation and assault under subsection A.1 contain different elements, and it is possible to commit child molestation without simultaneously committing assault as defined by A.R.S. § 13–1203.A.1, assault is not a lesser-included offense of child molestation. Additionally, we note that the charging

document did not describe the lesser-included offense, assault. Therefore, the court erred by adjudicating Juvenile delinquent for assault and we vacate that adjudication.

*Sufficiency of the Evidence to Convict Juvenile of Child Molestation*

■ ¶ 24 Juvenile argues that the juvenile court erred by finding C.T.'s testimony at the adjudication hearing credible because he was impeached with prior inconsistent statements made under oath at a different hearing. The juvenile court is in the best position to assess witness credibility, and our role is to determine if the evidence adduced at the hearing is sufficient to support the court's adjudication. *Maricopa County Juv. Action No. JV–132905*, 186 Ariz. 607, 609, 925 P.2d 748, 750 (App.1996); *see also In re David H.*, 192 Ariz. 459, 461, ¶ 8, 967 P.2d 134, 136 (App.1998). Accordingly, we will not reweigh the evidence or consider the credibility of witnesses on appeal. *See JV–132905*, 186 Ariz. at 609, 925 P.2d at 750.

¶ 25 C.T.'s testimony supports the juvenile court's order adjudicating Juvenile delinquent for Child Molestation. Juvenile's counsel impeached C.T. with his prior inconsistent testimony, but it is the role of the fact finder, in this case the juvenile court, to determine whether to believe C.T.'s testimony at the adjudication hearing in light of the impeaching evidence. In this case, the judge made a specific finding on the record that he found C.T.'s testimony credible and we are not in a position to second-guess that finding. Based on the evidence, it was within its discretion for the juvenile court to adjudicate Juvenile delinquent for Child Molestation.

**CONCLUSION**

¶ 26 We conclude that the juvenile court erred by finding that assault, as defined by A.R.S. § 13–1203.A.1, is a lesser included offense of child molestation. Therefore, we vacate Juvenile's adjudication of delinquency for Assault. However, we affirm Juvenile's adjudication of delinquency for Child Molestation.

---

**2.** We cite the current version of the applicable statute as no revisions material to this Opinion

have occurred.

CONCURRING: SHELDON H. WEISBERG, Presiding Judge and PHILIP HALL, Judge.

