NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

BROOKE M., *Appellant,*

*v.*

TIMOTHY S., W.S., *Appellees.*

No. 1 CA-JV 16-0007
FILED 7-5-2016

Appeal from the Superior Court in Maricopa County
No. JS517173
The Honorable Rodrick J. Coffey, Judge

**AFFIRMED IN PART; REMANDED IN PART**

COUNSEL

Collins & Collins LLP, Phoenix
By C. Robert Collins
*Counsel for Appellant*

Czop Law Firm PLLC, Higley
By Steven Czop
*Counsel for Appellee Timothy S.*

---

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Patricia K. Norris joined.

---

**J O N E S**, Judge:

¶1        Brooke M. (Mother) appeals the juvenile court's order declining to sever the parental rights of Timothy S. (Father) to W.S. (Child). For the following reasons, we affirm the court's finding of abandonment and remand for reconsideration of Child's best interests in light of the guidance provided by our supreme court in *Demetrius L. v. Joshlynn F.*, 239 Ariz. 1 (2016).

**FACTS[1] AND PROCEDURAL HISTORY**

¶2        Mother and Father divorced in June 2013, the month Child was born.  In September 2013, Mother married Joshua M. (Stepfather).  In September 2014, she filed a petition to terminate Father's parental rights, alleging he had abandoned Child.[2]  Mother asserted severance was in Child's best interests because it would free him for adoption by Stepfather, who had provided for Child, both emotionally and financially, since birth.

¶3        A contested hearing was held in December 2015.  At the hearing, Stepfather testified he wanted to adopt Child, whom he had raised as his own.  Mother testified that allowing Stepfather to adopt Child would benefit Child because it would provide him "a stable home and a stable family" with a father who is in his life and available if something happened

---

[1]        We view the facts in the light most favorable to upholding the juvenile court's order.  *Christy C. v. Ariz. Dep't of Econ. Sec.*, 214 Ariz. 445, 449, ¶ 12 (App. 2007) (citing *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 282, ¶ 13 (App. 2002)).

[2]        Mother also alleged severance was warranted on the grounds of neglect and incapacity but did not pursue these grounds at the contested hearing.

to Mother.  Father agreed Mother and Stepfather were providing Child an appropriate home but opposed severance because he believed he was a good role model for Child and wanted to have Child in his life.

¶4        After taking the matter under advisement, the juvenile court entered its order finding Father had spent only two hours with Child between June 2013 and December 2015.  Father did not provide Child any cards, gifts, or letters, and had accrued more than $7,000 in child support arrears.  Based upon these findings, the court concluded Mother had proven by clear and convincing evidence that Father had abandoned Child.  Ariz. Rev. Stat. (A.R.S.) § 8-531(1)[3] (defining abandonment as "the failure of a parent to provide reasonable support and to maintain regular contact with the child, including providing normal supervision").  But, relying upon *Jose M. v. Eleanor J.*, 234 Ariz. 13, 17, ¶ 21 (App. 2014), the court concluded Mother had not proven severance was in Child's best interests and therefore denied Mother's petition.  Mother timely appealed.  We have jurisdiction pursuant to A.R.S. §§ 8-235(A), 12-120.21(A)(1), and -2101(A)(1), and Arizona Rule of Procedure for the Juvenile Court 103(A).

## DISCUSSION

¶5        Mother argues the juvenile court abused its discretion in evaluating whether severance was in Child's best interests because it disregarded evidence that Child would benefit from severance and considered only whether Child would suffer a detriment if Father's parental rights were not terminated.  We review a best interests determination for an abuse of discretion.  *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004) (quoting *Maricopa Cnty. Juv. Action No. JV-132905*, 186 Ariz. 607, 609 (App. 1996)).  "A court abuses its discretion if it commits an error of law in reaching a discretionary conclusion, it reaches a conclusion without considering the evidence, it commits some other substantial error of law, or 'the record fails to provide substantial evidence to support the trial court's finding.'"  *Flying Diamond Airpark, L.L.C. v. Meienberg*, 215 Ariz. 44, 50, ¶ 27 (App. 2007) (quoting *Grant v. Ariz. Pub. Serv. Co.*, 133 Ariz. 434, 456 (1982)).

¶6        With regard to best interests, the juvenile court cited *Jose M.* for the proposition that "a step-parent adoption, without more, does not establish an increase in stability or permanency to the degree necessary to warrant the termination of a parent's parental rights."  Indeed, *Jose M.* held

---

[3]        Absent material changes from the relevant date, we cite a statute's current version.

the mother's fiancé's stated intent to adopt "d[id] not establish an increase in stability and permanency . . . to the degree necessary to demonstrate a benefit warranting severance of [the f]ather's parental rights" where there was "no suggestion that any day-to-day aspect of the [child's] current living arrangement" would change if the father's rights were severed. 234 Ariz. at 18, ¶ 23.

¶7 Six days after the juvenile court entered its order denying Mother's petition, our supreme court issued *Demetrius L.*, specifically disavowing *Jose M.*'s reasoning "with respect to (1) its distinguishing the significance of adoption in private versus state-initiated severance cases, and (2) its assessing the benefits of adoption solely in terms of whether the child's 'day-to-day' living arrangement will change." *Demetrius L.*, 239 Ariz. at 5, ¶ 18. The supreme court concluded *Jose M.* erred in "suggesting that a different standard applies in private severance actions and by viewing too narrowly the prospects and prospective benefits of adoption (that is, by focusing solely on whether adoption would change the child's living arrangement)." *Id.* Instead, best interests may be proven by a showing of "either a benefit to the child from severance *or* some harm to the child if severance is denied." *Id.* at 4, ¶ 16 (citing *Mary Lou C.*, 207 Ariz. at 50, ¶ 19, and *James S. v. Ariz. Dep't of Econ. Sec.*, 193 Ariz. 351, 356, ¶ 18 (App. 1998)) (emphasis added). And, under the right circumstances, "adoption can provide sufficient benefits to support a best-interests finding in private and state severance actions alike." *Id.* at 4-6 ¶¶ 13, 17, 20-21 (discussing numerous ways a stepparent adoption could "affirmatively improve" a child's life).

¶8 In sum, the determination of the child's best interests must be made on a case-by-case basis after considering all relevant circumstances. What circumstances are relevant and the weight to be accorded those factors may well vary between a state-initiated severance and a private severance. However, the juvenile court cannot disregard the potential benefits of a stepparent adoption simply because there is no evidence the child's day-to-day living arrangement would change.

¶9 Father argues the juvenile court nonetheless complied with the principles articulated in *Demetrius L.* The court's order reflects otherwise. Although the court recognized that Mother and Stepfather provide a stable home for Child, its analysis of Child's best interests focused upon the asserted detriment to Child in declining to sever Father's parental rights and does not squarely address any of the benefits of adoption asserted by Mother. The court specifically cited *Jose M.* as requiring evidence of a detriment to the child in continuing the parent-child

relationship to warrant severance, and then borrowed the language of *Jose M.* in concluding any benefit from termination had not been proven "to the degree necessary" to warrant the termination of parental rights.  From this order, it appears the court relied upon the *Jose M.* principles our supreme court has since disavowed, disregarded evidence tending to show severance was in Child's best interests because it would free Child for adoption by Stepfather, and "applied a more onerous standard" than otherwise required to establish that severance is in Child's best interests. *See Demetrius L.*, 239 Ariz. at 4, ¶ 13.

## CONCLUSION

**¶10**         Because the juvenile court did not have the benefit of *Demetrius L.* to direct its consideration at the time of its ruling, we cannot say it applied the correct legal standard in evaluating whether termination of Father's parental rights was in Child's best interests.  We therefore remand for reconsideration of Child's best interests.  Neither party appeals the statutory ground for severance, and the court's order finding Mother proved abandonment by clear and convincing evidence is affirmed.



Ruth A. Willingham · Clerk of the Court
F I L E D : AA