NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

MARCELLINA D., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, A.D., *Appellees.*

No. 1 CA-JV 19-0067
FILED 9-5-2019

Appeal from the Superior Court in Maricopa County
No. JD30088
The Honorable Randall H. Warner, Judge

**AFFIRMED**

COUNSEL

Robert D. Rosanelli, Attorney at Law, Phoenix
By Robert D. Rosanelli
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Sandra L. Nahigian
*Counsel for Appellee DCS*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Maria Elena Cruz joined.

---

**C A T T A N I**, Judge:

¶1         Marcellina D. ("Mother") appeals from the superior court's order severing her parental rights as to her son A.D.   For reasons that follow, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2         Mother's parental rights as to three other children (the "Children") were terminated in a 2017 proceeding.  That ruling is not at issue here, but the facts underlying that case are relevant to the instant appeal because the grounds for severance are circumstances that mirror those of the prior proceeding and thus provided a basis for the more recent severance under A.R.S. § 8-533(B)(10) (prior termination for the same cause within the preceding two years).

¶3         In the 2017 proceeding, Mother's parental rights as to the Children were terminated based on 9 and 15 months' out-of-home placement.  *See* A.R.S. § 8-533(B)(8)(a), (c).  The superior court found that Mother had significantly neglected the Children before the Department of Child Safety ("DCS") intervened.  The Children had multiple medical and dental issues, including tooth decay, abscesses, and infections.  One child had a cast on her leg for over six months, and when Mother finally took her to the hospital complaining that the cast smelled, doctors discovered that the child's calf had atrophied and her skin was thinning, placing her at a high risk of infection.

¶4         Despite the significant negative effect of the neglect, Mother did not make behavioral changes.  The superior court noted in the 2017 proceedings that "Mother was not fully engaged, had not fully participated in services, continued to be defensive, was not taking any responsibility, and was not making progress toward remediation."   The court was especially concerned that, notwithstanding the Children being in DCS care for more than two and a half years, Mother did not understand how her behavior harmed the Children.  Based on Mother's continued lack of insight

and negligible progress, the court terminated Mother's parental rights as to the Children.

¶5          A.D. was born six months later.  Shortly thereafter, DCS learned that Mother had obtained only minimal prenatal care for A.D.  She was unemployed and had no source of income, and she was living in a shelter, unable to provide for A.D.'s needs.

¶6          DCS took A.D. into care and initiated dependency proceedings.  In September 2018, the superior court found A.D. dependent as to Mother, and DCS moved to terminate Mother's parental rights.

¶7          In February 2019, the superior court conducted a termination adjudication hearing.  The superior court severed Mother's parental rights, finding grounds for severance based on the prior termination within the preceding two years and also finding that severance would be in A.D.'s best interests.  Mother timely appealed, and we have jurisdiction under A.R.S. § 8-235(A).

## DISCUSSION

¶8          Mother argues that the superior court's finding of grounds for severance was not supported by substantial evidence.  She does not challenge the superior court's finding that termination was in A.D.'s best interests.

¶9          Termination of parental rights requires clear and convincing evidence of a statutory ground set forth in A.R.S. § 8-533(B) and proof by a preponderance of the evidence that termination is in the best interests of the child. *Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 149–50, ¶ 8 (2018).  We review the superior court's severance ruling for an abuse of discretion. *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004).  We do not reweigh the evidence on appeal, *Maricopa Cty. Juv. Action No. JV-132905*, 186 Ariz. 607, 609 (App. 1996), and we accept the superior court's factual findings unless clearly erroneous. *Seth M. v. Arienne M.*, 245 Ariz. 245, 247, ¶ 7 (App. 2018).

¶10          Under A.R.S. § 8-533(B)(10), parental rights may be terminated when "the parent has had parental rights to another child terminated within the preceding two years for the same cause and is currently unable to discharge parental responsibilities due to the same cause."  The "same cause" is the factual cause that led to the prior termination, not necessarily the statutory ground on which it was based. *See Mary Lou C.*, 207 Ariz. at 48, ¶ 11.

¶11 Here, as in the previous termination proceeding, Mother failed to understand the risk of harm posed by her neglect, and she did not engage in services or take responsibility for the circumstances leading to A.D. being placed in care. Mother's behavior mirrored her actions during the previous dependency proceeding, in which she refused to take responsibility for her situation and lacked insight into how her actions affected the Children.

¶12 Mother delayed attending counseling for several months, then attended only 6 counseling sessions. Mother's therapist noted that Mother maintained that she could care for A.D. and that DCS oversight was unnecessary. But although Mother set several treatment goals, she was resistant to treatment and made "no change" toward achieving those goals. The psychologist who conducted Mother's psychological evaluation for the previous severance hearing similarly expressed concern about Mother's lack of engagement and progress, testifying that Mother had continued her pattern of failing to complete services.

¶13 Mother testified that she did not know why A.D. came into DCS care or why her parental rights had been terminated as to the Children. She was unaware that the Children came into DCS care suffering from tooth decay, abscesses, and infection. She indicated that she was unsure how many counseling sessions she had attended and could not adequately explain why she stopped attending counseling.

¶14 As in the Children's dependency proceeding, Mother's inability to make necessary behavioral changes and take accountability for her actions placed A.D. in jeopardy of neglect. Accordingly, the superior court did not err by severing Mother's parental rights based on the same concerns underlying the prior termination proceedings.

**CONCLUSION**

¶15 For the foregoing reasons, we affirm.

