NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

IN RE DELINQUENCY OF G.B.

No. 1 CA-JV 23-0102
FILED 9-14-2023

---

Appeal from the Superior Court in Maricopa County
No. JV207577
The Honorable Genene Dyer, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Maricopa County Public Advocate, Phoenix
By Alicia Merschen-Perez
*Counsel for Appellant*

Maricopa County Attorney's Office, Phoenix
By Christine Davis
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding
Judge D. Steven Williams and Judge Samuel A. Thumma joined.

---

**M c M U R D I E**, Judge:

¶1           Gabriel[1] appeals the juvenile court's order terminating his probation as unsuccessful. We find no error and affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2           When Gabriel was 17, the State charged him with aggravated robbery and misconduct with weapons. He eventually pled delinquent to solicitation to commit robbery, a Class 6 designated felony. *See* A.R.S. §§ 13-1002(B)(4), 13-1902. The court placed Gabriel on intensive probation for one year, which required him to participate in work, school, community service, or counseling for at least 32 hours per week. When he was not participating in one of those activities, he was to remain at home. The court also ordered electronic monitoring for four weeks.

¶3           At first, Gabriel complied with his probation conditions. But after the probation department removed his electronic monitoring unit, he began leaving home without permission. He also began using THC and refused drug tests several times. At Gabriel's probation officer's request, the juvenile court reinstated electronic monitoring for six more weeks.

¶4           Several months later, at the request of Gabriel's probation officer, the court held a review hearing. The probation officer recommended that Gabriel be unsuccessfully terminated because he was often away from home with unknown whereabouts, had been using THC, had not completed his treatment, and had not been working or attending school.

¶5           Gabriel responded by claiming that when the probation officer visited his home and did not find him, he was either at his apartment complex's vending machine, walking around nearby, or working at his uncle's taco shop. He also claimed that he had missed treatment services because the address from which he was supposed to be picked up "had gotten mixed up." Gabriel asked the juvenile court to end probation supervision, but he requested a successful or administrative release so his records could be destroyed or set aside.

¶6           The juvenile court expressed concerns that Gabriel had been generally non-compliant throughout his probation. The court decided that

---

[1]           We use a pseudonym to protect the juvenile's identity.

Gabriel would not "get[] the benefit of an administrative release" and ordered that he be "unsuccessfully released from probation."

¶7            Gabriel appealed, and we have jurisdiction under A.R.S. §§ 8-235(A) and 12-120.21(A)(1).

**DISCUSSION**

¶8            The juvenile court has broad discretion to determine whether a juvenile's probation should be terminated unsuccessfully, and we will not disturb the court's decision absent an abuse of discretion. *In re Themika M.*, 206 Ariz. 553, 554, ¶ 5 (App. 2003).

¶9            Gabriel first argues that the court abused its discretion by ordering the termination as unsuccessful. He raises the same arguments he presented to the juvenile court: he has been working at his uncle's taco shop and missed treatment only because of a transportation issue. We will not reverse on these arguments, which are based on factual disputes left to the juvenile court's discretion, and "we will not reweigh the evidence . . . on appeal." *In re James P.*, 214 Ariz. 420, 425, ¶ 24 (App. 2007).

¶10           Second, Gabriel argues the court did not cite "specific reasons" for terminating the probation unsuccessfully, although he concedes the court "outlined issues it had with [his] probation." This argument is unpersuasive. Indeed, the juvenile court noted that Gabriel had "a long history of . . . failure to comply with his probation," which included refusing to work or go to school, leaving his home without good cause, refusing to drug test, failing to complete treatment, and generally being unable to improve his behavior despite different consequences being imposed. The court found that "for all of these reasons, the recommendation of probation is that [Gabriel] be unsuccessfully terminated from probation." The court did not abuse its discretion by following the recommendation.

¶11           Finally, Gabriel argues that the court acted punitively and without rehabilitation in mind because Gabriel can no longer have his records destroyed or set aside. This argument is also unavailing because the court may order the destruction of a juvenile's records only if the juvenile "*successfully* completed the terms and conditions of probation." A.R.S. § 8-349(C)(5) (emphasis added). Gabriel did not comply with his probation terms, and thus his records may not be destroyed. This results from his non-compliance. *See Themika M.*, 206 Ariz. at 556, ¶ 15. The court did not abuse its discretion by terminating the probation unsuccessfully.

**CONCLUSION**

¶12      We affirm.



AMY M. WOOD • Clerk of the Court
FILED:   AA