NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

IN RE DELINQUENCY OF B.S.

No. 1 CA-JV 23-0153
FILED 12-21-2023

---

Appeal from the Superior Court in Yavapai County
No. S1300JV202300147
The Honorable Anna C. Young, Judge

**AFFIRMED**

---

COUNSEL

Law Office of Florence M. Bruemmer PC, Anthem
By Florence M. Bruemmer
*Counsel for Appellant*

Yavapai County Attorney's Office, Prescott
By Danalyn Savage
*Counsel for Appellee*

**MEMORANDUM DECISION**

Judge Michael S. Catlett delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Maria Elena Cruz joined.

C A T L E T T, Judge:

¶1         B.S. appeals the superior court's judgment finding him delinquent for disorderly conduct and threatening or intimidating, each a class one misdemeanor.  B.S. argues the evidence was insufficient to support a finding of delinquency beyond a reasonable doubt.  We disagree and affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2         In March 2023, B.S. confronted E.P., another juvenile, regarding court fees B.S. thought his mother had to pay because of E.P.  B.S. was subsequently charged with two class one misdemeanors—disorderly conduct under A.R.S. § 13-2904(A)(1) and threatening or intimidating under A.R.S. § 13-1202(A)(1).

¶3         The superior court held a delinquency adjudication hearing. E.P. testified he was riding his bike home from school when B.S. approached and told E.P. he was "going to pay for what [E.P.] did to [B.S.'s] mom[.]"  B.S. then partially pulled an Airsoft gun out of his jacket such that E.P. could see the handle.  E.P. testified he did not know it was an Airsoft gun at the time; he thought it was a real gun and was "terrified" he was going to "get shot in the back of [his] head or [his] back" as he rode off.  E.P. rode away and called his grandmother, who testified E.P. was "hysterical" on the phone, so she sent E.P.'s brother, F.P., to check on him.  F.P. confirmed that E.P. had been crying and looked frightened when F.P. found him.  F.P. then went to the school, confronted B.S., and asked him if he threatened E.P.  B.S. denied threatening E.P.  F.P. also testified he saw the Airsoft gun "hanging out" of B.S.'s pocket.

¶4         B.S. testified in his own defense.  He testified that he approached E.P. as he was riding home from school and asked him if he was "the one that cost [B.S.'s] mom money."  B.S. then told E.P. to "get your sped ass back on the bike," at which point E.P. left.  B.S. admitted he had the Airsoft gun with him, but he denied showing it to E.P. and denied

saying anything else. B.S.'s friend and sister were with B.S. during the exchange; both testified consistent with B.S.'s account of the interaction.

¶5          The superior court concluded E.P. saw the Airsoft gun because "[t]here's no way that [E.P.] and [F.P.] knew that there was a gun unless they actually saw that the gun was there, and the defense witnesses have acknowledged that the gun was there." The court also found that B.S. initiated the contact with E.P. and "made a really kind of mean, awful remark to" E.P. The court found the State met its burden on both counts and adjudicated B.S. delinquent.

¶6          B.S. timely appealed. We have jurisdiction. *See* A.R.S. §§ 8-235(A), 12-120.21(A)(1).

## DISCUSSION

¶7          We review a superior court's adjudication of juvenile delinquency for an abuse of discretion. *In re Miguel R.*, 204 Ariz. 328, 331 ¶ 3 (App. 2003). In reviewing the sufficiency of the evidence, we consider whether the evidence presented, when viewed in the light most favorable to sustaining the delinquency adjudication, would allow the court to find beyond a reasonable doubt that the juvenile committed the essential elements of the offense. *In re Dayvid S.*, 199 Ariz. 169, 170 ¶ 4 (App. 2000). "[W]e will not reweigh the evidence or consider the credibility of witnesses on appeal." *In re James P.*, 214 Ariz. 420, 425 ¶ 24 (App. 2007); *In re John M.*, 201 Ariz. 424, 426 ¶ 7 (App. 2001). And "we will only reverse on the grounds of insufficient evidence if there is a complete absence of probative facts to support the judgment or if the judgment is contrary to any substantial evidence." *In re John M.*, 201 Ariz. at 426 ¶ 7. We review questions of law *de novo*. *Id.*

## I.    Disorderly Conduct

¶8          B.S. first argues there was insufficient evidence that B.S. disturbed E.P.'s peace. "A person commits disorderly conduct if, with intent to disturb the peace or quiet of a . . . person, or with knowledge of doing so, such person . . . [e]ngages in . . . seriously disruptive behavior[.]" A.R.S. § 13-2904(A)(1). When a specific victim is named in a charge under § 13-2904(A)(1), the State must prove that the victim's peace was actually disturbed by "'seriously disruptive behavior' . . . of the same general nature as fighting or violence or conduct liable to provoke that response in others and thus to threaten the continuation of some event, function, or activity." *In re Julio L.*, 197 Ariz. 1, 3–4 ¶¶ 8, 11 (2000).

**¶9** The record contains sufficient evidence to find B.S. engaged in disorderly conduct as to E.P.

**¶10** To begin, sufficient evidence established that the interaction with B.S. disturbed E.P.'s peace. E.P. testified that B.S. approached him and partially pulled an Airsoft gun out of his jacket. E.P. stated he was "terrified" thinking the Airsoft gun was a real gun and concerned he was going to "get shot in the back of [his] head or [his] back" as he rode off. Both E.P.'s brother and grandmother separately testified about E.P.'s reaction, detailing that he was hysterical, crying, and that he looked frightened.

**¶11** B.S., however, argues the delinquency adjudication was insufficiently supported because there are "other simple explanations" for the evidence. B.S. argues the court incorrectly found he brandished a weapon when only E.P. testified to that fact. B.S. maintains there were other "explanations for how E.P. could have known that B.S. had an Airsoft gun without B.S. having shown it to E.P. during their interaction." B.S. similarly argues his statement regarding his mother's court costs was benign and misconstrued by the juvenile court because "it was conclusively tied by the . . . court with the 'brandishing' of the air gun[.]"

**¶12** We are not persuaded that there was insufficient evidence. B.S. asks us, on appeal, to reweigh the evidence in favor of "other simple explanations" and to discount E.P.'s credibility in favor of other witnesses. We can do neither. *See In re James P.*, 214 Ariz. 420, 425 ¶ 24 (App. 2007) ("[W]e will not reweigh the evidence or consider witness credibility on appeal."). The juvenile court found E.P. saw the Airsoft gun during their interaction, and there is sufficient evidence in the record to support that B.S. showed it to E.P. B.S.'s conduct as recounted by the victim—confronting and threatening E.P. while brandishing a weapon—was sufficient to support the juvenile court's conclusion that B.S. disturbed E.P.'s peace.

## II. Threatening or Intimidating

**¶13** B.S. also argues the juvenile court erred in finding that he threatened or intimidated E.P. "A person commits threatening or intimidating if the person threatens or intimidates by word or conduct . . . [t]o cause physical injury to another person[.]" A.R.S. § 13-1202(A)(1). The statute requires the accused to make a "true threat" to the victim. *In re Kyle M.*, 200 Ariz. 447, 451–52 ¶ 23 (App. 2001). A statement is a "true threat" if made "in a context or under such circumstances wherein a *reasonable person would foresee* that the statement would be interpreted by those to whom the

maker communicates the statement as a serious expression of an intention to inflict bodily harm upon or to take the life of a person." *In re Ryan A.*, 202 Ariz. 19, 22 ¶ 11 (App. 2002) (quoting *Kyle M.*, 200 Ariz. at 451 ¶ 21) (internal punctuation omitted).

**¶14**        B.S. argues the juvenile court's adjudication is unsupported by substantial evidence because "[t]he only statement that all witnesses agreed B.S. made was about the court fees that E.P. had cost B.S.'s mom," and "the State failed to prove beyond a reasonable doubt that B.S. ever touched or pulled out the gun during his interaction with E.P." But, contrary to that argument, substantial evidence does not require unanimity of testimony. Instead, we "will only reverse on the grounds of insufficient evidence if there is a complete absence of probative facts to support the judgment or if the judgment is contrary to any substantial evidence." *John M.*, 201 Ariz. at 426 ¶ 7. There was substantial evidence that B.S. showed E.P. the Airsoft gun. All witnesses agreed B.S. was carrying the Airsoft gun, and the evidence presented that B.S. did not show it to E.P. conflicted with E.P.'s testimony. Moreover, E.P. testified that B.S. said E.P. was "going to pay for what he did to [B.S.'s] mom." E.P. also testified that, when the interaction occurred, E.P. thought the Airsoft gun was a real gun. With that testimony in the record, we cannot conclude that there was a complete absence of probative facts supporting the juvenile court's conclusions.

## CONCLUSION

**¶15**        We affirm the juvenile court's delinquency adjudication.



AMY M. WOOD • Clerk of the Court
FILED:    AA