859 P.2d 794

**STATE of Arizona, Appellee,**

v.

**Shawn David SEXTON, Appellant.**

**No. 1 CA–CR 92–1476.**

Court of Appeals of Arizona, Division One.

Sept. 23, 1993.

---

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, and Dawn M. Northup, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

## OPINION

VOSS, Judge.

## INTRODUCTION

This is an appeal from an order of restitution. The victims' homeowner's insurance policy was canceled because of the acts of Shawn David Sexton ("defendant"). The only replacement policy available to the victims did not provide liability coverage. We hold that potential losses suffered by the victims because of the reduced coverage are not a proper subject for restitution.

## FACTS AND PROCEDURAL HISTORY

Defendant shot a gun at the front of a house where his estranged wife was staying. As a result of this act, the owners of the home lost their insurance coverage. The owners were able to obtain a new policy at a higher rate but the new policy did not include liability coverage.

Defendant pled guilty to endangerment, a class 6 felony. The plea agreement states that defendant will pay restitution not to exceed $7,000.00. The trial judge sentenced defendant to three years probation with one year in jail and ordered restitution in the amount of $3,304.54. The trial judge also ordered:

> [A]ny loss that occurs to the victim[s] within the next three years that would have been covered under the old insurance policy, but not under the new policy.

Defendant timely appealed from the order of restitution.

## DISCUSSION

■ On appeal, defendant argues that any losses the owners suffer that are not covered under the new policy are consequential damages which are improper for restitution. We agree.

Restitution is authorized pursuant to Ariz.Rev.Stat.Ann. ("A.R.S.") § 13–603(C):

> If a person is convicted of an offense, the court shall require the convicted person to make restitution to the person who is the victim of the crime or to the immediate family of the victim if the victim has died, in the full amount of economic loss as determined by the court and in the manner as determined by the court or the court's designee pursuant to Chapter 8 of this title. Restitution ordered pursuant to this subsection shall be paid to the clerk of the court for disbursement to the victim.

Economic loss is defined pursuant to A.R.S. § 13–105(11):

> "Economic loss" means any loss incurred by a person as a result of the commission of an offense. Economic loss includes lost interest, lost earnings and other losses which would not have been incurred but for the offense. Economic loss does not include losses incurred by the convicted person, damages for pain and suffering, punitive damages or consequential damages.

■ Consequential damages do not flow directly from the criminal activity. *State v. Morris*, 173 Ariz. 14, 17, 839 P.2d 434, 437 (App.1992). Consequential damages have been defined as follows:

> Consequential damages are such as are not produced without the concurrence of some other event attributable to the same origin or cause; such damage, loss

or injury does not flow directly and immediately from the action of the party, but only from the consequences or results of such act. The term may include damage which is so remote as not to be actionable.

*Id.* (quoting 25 C.J.S., *Damages,* § 2 at 617 (1966)). *See also State v. Wideman,* 165 Ariz. 364, 798 P.2d 1373 (1990). "Economic loss" as defined in A.R.S. § 13–105(11) and as used in A.R.S. § 13–603(C) is equivalent to "actual damages" which are defined as:

[D]amages in satisfaction of, or in recompense for, loss or injury sustained; such compensation or damages for an injury as follow from the nature and character of the act, and will put the injured party in the position which he was in before he was injured. 25 C.J.S. *Damages* § 2 at 615 (1966).

We believe that the loss which these victims might suffer in the future as the result of having no homeowner's liability insurance is too indirect to be the subject of restitution under the provisions of our statutes.

The term "economic loss" in the context of the restitution a court may order expressly excludes consequential damages. In both *Morris* and *Wideman,* we defined consequential damages as those damages which do not flow directly and immediately from the defendant's action.

Here, if the victims suffer the loss for which the trial court has sought to impose restitution, it will be because the defendant damaged the house, *and because* the victims' insurance company elected to cancel the policy, *and because* no other insurance company would issue a comparable policy, *and because* the victims' negligence caused harm to a third person, *and because* the third person chose to pursue a claim against the victims. Such a loss, if it occurs, will not be the direct or immediate result of the defendant's conduct. It will be the result of the defendant's conduct combined with the action or inaction of others and will necessarily include some negligent action or inaction on the part of the victims. If such a loss is not a consequential damage of the type the legislature intended to exclude as the subject of restitution, it is hard to imagine what would be. That portion of the restitution order concerning possible insurance coverage problems is vacated.

CLABORNE, P.J., and KLEINSCHMIDT, J., concur.