58 P.3d 527

**In re ANDREW A.**

**No. 1 CA–JV 01–0073.**

Court of Appeals of Arizona,
Division 1, Department E.

Dec. 10, 2002.

Richard M. Romley, Maricopa County Attorney by Colleen L. French, Deputy County Attorney, Phoenix, for Appellee.

James J. Haas, Maricopa County Public Defender by Joel M. Glynn, Deputy Public Defender, Phoenix, for Appellant.

**OPINION**

THOMPSON, Judge.

¶ 1 Andrew A. (juvenile) appeals from the juvenile court's order that he pay restitution in the amount of $2,061.08. Juvenile asserts the trial court improperly ordered him to pay restitution for personal property which he maintains he did not steal but which was missing when the vehicle was recovered. Finding no error, we affirm.

## BACKGROUND

¶ 2 The victim's red Jeep Cherokee was stolen from Cactus High School while he was at school. Shortly after midnight police stopped the Jeep for traffic violations and noticed a screwdriver on the floorboard and wires hanging from the dashboard where a stereo should have been; juvenile was driving. Juvenile admitted that the vehicle, containing personal property belonging to victim, had been stolen while parked at Cactus High School and stated that a friend had hired him to drive the vehicle from one location to another for $200.00. When the police contacted the victim, they were advised that the stereo, some compact discs and a speaker box were missing from the Jeep. The missing personal property was mentioned in the subsequent police report.

¶ 3 The state filed a petition charging one count of control of a means of transportation, a class five felony, and one count of minor in possession of tobacco. Pursuant to a negotiated plea agreement, juvenile admitted to one count of theft, a class six felony. As the factual basis for the delinquency finding, juvenile admitted that he "went down to where the car was located, picked it up, and got pulled over at 61st and Bell." Juvenile denied either damaging the Jeep or stealing the victim's personal property yet pursuant to the plea agreement, juvenile agreed to pay restitution "in an amount not to exceed $5,000." Prior to the hearing, the victim's mother filed a verified statement of financial loss indicating the loss at $795.00 plus the "repair cost to vehicle." Several months later, after a hearing wherein the exact damages were detailed by victim, the trial court awarded $2,061.08 in restitution for damage to the Jeep and the loss of victim's personal property in the vehicle.

## DISCUSSION

¶ 4 On appeal, juvenile asserts that the restitution award should be reduced to $471.09 for the cost of the physical damage to the Jeep. Juvenile argues that there was no evidence to support a causal connection between the conduct that constituted his offense and the trial court's order of restitution for the victim's personal property. He further contends that he failed to receive notice that he would be ordered to pay restitution for the victim's personal property.

■ ¶ 5 We will not disturb a juvenile court's disposition absent an abuse of discretion, *Maricopa County Juv. Action No. JV–128676*, 177 Ariz. 352, 353, 868 P.2d 365, 366 (App.1994), and we view the facts in the light most favorable to affirming the court's findings. *Maricopa County Juv. Action No. JS–8490*, 179 Ariz. 102, 106, 876 P.2d 1137, 1141 (1994).

### The Causal Connection

■ ¶ 6 Juvenile first argues that the record contains no evidence that his admitted conduct was the "but for" cause of the loss of the victim's personal property. Juvenile admits he took possession of the vehicle knowing that it was stolen, but he claims the interior was damaged and the property stolen prior to his possession. Juvenile asserts that the trial court, therefore, "had no basis to believe" that he "caused the victim's additional loss [of] approximately 100 CDs, a CD holder, and a backpack" and that it abused its discretion in awarding restitution for those items, representing $1,589.99 of the total $2,062.08 in restitution.

■ ¶ 7 In Arizona, the purpose of restitution is rehabilitation of the offender and reparation to the victim of the crime. *State v. Iniguez*, 169 Ariz. 533, 536, 821 P.2d 194, 197 (App.1991). Restitution is proper if evidence "reasonably leads to the inference that juvenile's criminal conduct was related to victim's damages." *Maricopa County Juv. Action No. JV–132905*, 186 Ariz. 607, 609, 925 P.2d 748, 750 (App.1996); *State v. Lindsley*, 191 Ariz. 195, 198, 953 P.2d 1248, 1251 (App. 1997) ("Recoverable economic losses are those that flow directly from or are a direct result of the crime committed."). Juvenile can be ordered to pay restitution for losses directly caused by his criminal conduct even where the conduct which caused such losses was not an element for which he was adjudicated delinquent. *State v. Wilkinson*, 202 Ariz. 27, 30, ¶¶ 14–15, 39 P.3d 1131, 1134 (2002); *Lindsley*, 191 Ariz. at 197, 953 P.2d at 1250 (although defendant was not charged

with theft "[t]he trial court could reasonably infer from the evidence that the damage to the wallet was the direct result of defendant's unlawful possession of it"). This court upholds restitution awards if they bear "a reasonable relationship to the victim's loss." *Id.*

¶ 8 In a similar case, *JV–132905*, the juvenile admitted to theft of a car and acknowledged responsibility for restitution pursuant to a plea agreement. 186 Ariz. at 608, 925 P.2d at 749. When the victim submitted evidence of damages, that juvenile asserted the car had sustained the damages prior to his possession of it. *Id.* The court awarded restitution for the victim's claimed damages even though no direct evidence was submitted to controvert the juvenile's assertion. *Id.* at 608–09, 925 P.2d at 749–50. On appeal, we affirmed that trial court's restitution award "because the loss suffered by [the] victim could have been inferred to have been caused by juvenile's admitted criminal conduct, because no credible evidence was submitted by juvenile to refute this inference, and because juvenile agreed to pay restitution for losses relative to his criminal conduct." *Id.* at 609, 925 P.2d at 750.

■ ¶ 9 Likewise, juvenile here pleaded responsible to "[c]ontrol[ling] property of another knowing ... that the property was stolen" and agreed to pay up to $5,000.00 restitution. While juvenile denied that he stole the vehicle from the high school and denied stealing the victim's personal property, the trial court could have nonetheless properly inferred otherwise. The trial court is in the best position to measure the credibility of witnesses. *Id.* We will not reweigh evidence, but look only to determine if there is sufficient evidence to sustain the juvenile court's ruling. *Id.* (citing *Pima County Juvenile Action B–10489*, 151 Ariz. 335, 338, 727 P.2d 830, 833 (App.1986)).

¶ 10 Contrary to juvenile's assertion, there need not be direct evidence that juvenile stole the personal property where circumstances support an inference that he did so and the trial court may not have found his denial credible. *See JV–132905*, 186 Ariz. at 609, 925 P.2d at 750. The trial court need not have believed juvenile's denial and several factors weighed against his credibility. Juvenile was found in possession of the stolen Jeep. He admitted that he knew the vehicle had been stolen from Cactus High School. Juvenile took logically inconsistent positions as to whether he should have to pay for losses he asserts he did not cause: he denied causing either the physical damage to the Jeep or being involved with the theft of the personal property, but only disputes restitution as to the personal property. Finally, the trial court could have reasonably inferred that juvenile participated in the vehicle's theft because he was found in possession it. *See* Ariz.Rev.Stat. (A.R.S.) § 13–2305(2001) ("Proof of possession of property recently stolen ... may give rise to an inference that the person in possession of the property ... in some way participated in its theft."). Notwithstanding juvenile's testimony that he did not steal the victim's personal property, the trial court could have reasonably inferred that juvenile participated in the initial taking of the vehicle, as in *JV–132905*, and that his conduct was related to the victim's loss as required by *Lindsley* and *JV–132905*.

### Due Process

■ ¶ 11 Next, juvenile argues that his due process rights were violated because he "never unconditionally agreed to pay restitution" and because he failed to receive specific notice he would be obligated to pay restitution for victim's personal property until the first continued restitution hearing. We find both contentions lack merit under the facts of this case.

¶ 12 Due process is satisfied because juvenile had the opportunity to contest the information on which the restitution award was based, to present relevant evidence, and to be heard. *See State v. Fancher*, 169 Ariz. 266, 268, 818 P.2d 251, 253 (App. 1991). We find juvenile did receive sufficient notice of the missing personal property from the police report and the verified victim statement prior to the restitution hearing. Further, juvenile's agreement was not required before restitution may be ordered. In fact, the trial court was statutorily required to award restitution. *See* A.R.S. § 8–341(G)(1)(1999) ("The court shall [order] a delinquent juvenile ...

[t]o make full or partial restitution to the victim of the offense for which the juvenile was adjudicated delinquent."); *Lindsley,* 191 Ariz. at 197, 953 P.2d at 1250 (restitution of full economic loss to a victim of a crime is mandatory under A.R.S. § 13–603(C) and A.R.S. § 13–804). After it was established that juvenile was criminally liable for the theft of a vehicle which contained victim's personal property when it was stolen, full restitution was properly ordered. *Fancher,* 169 Ariz. at 267, 818 P.2d at 252 (affirming restitution in excess of statutorily prescribed monetary parameters where defendant had opportunity to contest award) (citations omitted). This juvenile knowingly and intelligently admitted responsibility for the theft of stolen property valued at $250.00–$1,000.00 and he acknowledged in both the plea agreement and by his testimony that he could be required to pay restitution in an amount greatly exceeding that $1,000.00.

¶ 13 Finding the trial court's order of restitution in the amount of $2,061.08 proper, we affirm.

CONCURRING: JEFFERSON L. LANKFORD and DANIEL A. BARKER, Judges.