NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

IN RE TOURE K.

---

No. 1 CA-JV 18-0311
FILED 1-17-2019

---

Appeal from the Superior Court in Maricopa County
No. JV203501
The Honorable Eartha K. Washington, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Maricopa County Public Advocate's Office, Phoenix
By Ben Lewis
*Counsel for Appellant*

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Appellee State of Arizona*

---

## MEMORANDUM DECISION

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge James P. Beene and Judge Michael J. Brown joined.

---

**M O R S E**, Judge:

**¶1**         Juvenile Toure K. timely appeals the juvenile court's August 6, 2018, disposition order reinstating his probation and releasing him to the Department of Child Safety ("DCS").  After searching the entire record, Toure's defense counsel identified no arguable question of law that is not frivolous.  Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asks this Court to search the record for fundamental error.  Defendant was also allowed to file a supplemental brief in propria persona but did not do so.  Finding no reversible error, we affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2**         In March 2018, the juvenile court adjudicated Toure delinquent for disorderly conduct pursuant to a plea agreement and placed him on standard probation.  Three months into Toure's twelve-month period of probation, the County Attorney's Office alleged Toure violated his probation by leaving the home without parental permission.  Toure admitted to the allegation.

**¶3**         At the disposition hearing in late July 2018, the juvenile court reinstated Toure on supervised probation with a modified end date of July 31, 2019.  The court placed Toure in the physical custody of DCS because a related dependency matter had been initiated.[1]  The court stated it wanted DCS to investigate "whether or not to send [Toure] home to [his] mother," and it ordered "that upon DCS completing their investigation and if the juvenile is returned to his mother, mother is not to leave the state" until the completion of the dependency matter.

**¶4**         Toure timely appealed the disposition order.  We have jurisdiction pursuant to A.R.S. §§ 8-235 and 12-120.21(A)(1).

---

[1]     *See* Ariz. Rev. Stat. ("A.R.S.") §§ 8-841 to -847 (providing procedures for juvenile dependency matters).

**DISCUSSION**

**¶5**      In the opening brief, counsel notes that Toure "proposes that this court review whether the superior court abused its discretion when ordering [Toure] to be placed at Canyon State Academy[.]" *See In re Themika M.*, 206 Ariz. 553, 554, ¶ 5 (App. 2003) (stating this Court reviews a juvenile court's disposition order for an abuse of discretion).  We view the evidence in the light most favorable to sustaining the juvenile court's findings.  *In re Andrew A.*, 203 Ariz. 585, 586, ¶ 5 (App. 2002).

**¶6**      We have reviewed the record below and find no arguable issue with the juvenile court's adjudication.  If the juvenile court finds that a violation of a condition or regulation of probation has occurred, the court may revoke, modify, or continue probation.  Ariz. R.P. Juv. Ct. 32(E)(5).  In placing a juvenile on probation, the court "shall impose on the juvenile conditions of probation that will promote rehabilitation and public safety."  Ariz. R.P. Juv. Ct. 31(A).  Additionally, "on the court's own motion, the court may make an order directing, restraining[,] or otherwise controlling the conduct of a person" if "[a]n order or disposition of a delinquent . . . child has been . . . made."  A.R.S. § 8-234(B).

**¶7**      The record shows that the juvenile court did not order Toure's placement at Canyon State Academy.  Instead, the court ordered Toure's release to DCS as a condition of Toure's probation, and it required DCS to investigate whether to send Toure home to his mother or to place him at Canyon State Academy.  Regardless, the court did not abuse its discretion by ordering Toure's release to DCS.  Toure admitted to violating the terms of his probation, therefore the court was entitled to modify Toure's probation.  The court advised Toure of the possibility of being placed on "standard or intensive probation at [his] home or at a place outside of [his] home," and Toure indicated that he understood this possibility.  Because Toure admitted to the allegation of a probation violation, the court was entitled to "impose on [him] conditions of probation that [would] promote rehabilitation and public safety."  Ariz. R.P. Juv. Ct. 31(A).  Additionally, because "[a]n order or disposition of a delinquent . . . child ha[d] been . . . made," the court was entitled to make an order restraining or otherwise controlling Toure's conduct.  A.R.S. § 8-234(B).  The court did not err by ordering Toure's remand to DCS custody.  *See In re Amber S.*, 225 Ariz. 364, 368, ¶ 12 (App. 2010) (affirming the juvenile court's reinstatement of intensive probation and placement of juvenile outside the home upon violation of terms of probation).

**¶8**        In addition to evaluating the issue proposed by Toure, we have conducted an independent review of the record.  Our review also reveals no fundamental error.  *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error.").

## CONCLUSION

**¶9**        We affirm the finding of a probation violation and the reinstatement of Toure's probation.  Pursuant to *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984), counsel's obligations in this appeal have ended.  Counsel need do nothing more than inform defendant of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *Id.*  Toure shall have thirty days from the date of this decision to proceed, if he so desires, with an in propria persona motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA