NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

D.D., *Petitioner*,

*v.*

THE HONORABLE WARREN J. GRANVILLE, Judge of the SUPERIOR
COURT OF THE STATE OF ARIZONA, in and for the County of
Maricopa, *Respondent Judge,*

JASON DONALD SIMPSON, *Real Party in Interest.*

No. 1 CA-SA 19-0094

FILED 6-18-2019

Petition for Special Action from the Superior Court in Maricopa County
No. CR2015-134762-001
The Honorable Warren J. Granville, Judge

**JURISDICTION ACCEPTED; RELIEF DENIED**

COUNSEL

Arizona Voice for Crime Victims, Phoenix
By Colleen Clase, Jessica Gattuso, Eric Aiken
*Counsel for Petitioner*

The Ferragut Law Firm, P.C., Phoenix
By Ulises S. Ferragut, Jr.
*Counsel for Real Party in Interest*

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge David D. Weinzweig joined.

**P E R K I N S**, Judge:

¶1        D.D. appeals from the superior court's order denying his motion for restitution related to attorneys' fees incurred in a parallel proceeding. For the following reasons, we accept jurisdiction and deny relief.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2        In 2015, Jason Donald Simpson was arrested and charged with thirty-three criminal counts related to sexual conduct with minors. D.D. ("Father") and Simpson's then-girlfriend K.B. ("Mother") were parents to S.D., one of Simpson's victims.

¶3        At Simpson's bond hearing, Mother said she wanted to continue her relationship with Simpson, causing the superior court to take jurisdiction of Mother and Father's unrelated family law matter and suspend Mother's parenting time with S.D. The superior court ordered Mother and Father to make the appropriate filings in the family law matter to apprise that court of the situation and allow for more permanent orders. Father asserts that he incurred $177,594.41 in the ensuing parenting time and legal decision-making litigation. The court, at the conclusion of the family law litigation, ordered Mother to pay $35,000 of Father's legal fees, and Father sought to recover the balance from Simpson through court-ordered restitution.

¶4        Simpson entered a plea agreement to resolve the outstanding criminal charges. Simpson agreed to pay $9,500.87 in restitution for counseling, mileage, and lost wages, but disputed Father's request for legal fees incurred in the family law litigation.

¶5        After oral argument, the superior court denied Father's request, finding that the damages were consequential under Arizona Revised Statutes ("A.R.S.") section 13-105 and thus "beyond the scope" of criminal restitution. Father timely petitioned for relief by special action.

**DISCUSSION**

¶6        We view the evidence in the light most favorable to sustaining the superior court's order. *State v. Leon*, 240 Ariz. 492, 494, ¶ 2 (App. 2016). The superior court has "wide discretion" in determining restitution. *State v. Ellis*, 172 Ariz. 549, 551 (App. 1992). Thus, we review the superior court's order for an abuse of discretion. *See State v. Lindsley*, 191 Ariz. 195, 197 (App. 1997) (noting that we will uphold a restitution order "if it bears a reasonable relationship to the victim's loss"). However, we review questions of law, including the interpretation of statutes, *de novo. State v. Lantz*, 245 Ariz. 451, 453, ¶ 9 (App. 2018).

¶7        Courts are required to order restitution "in the full amount of [the victim's] economic loss as determined by the court . . . ." A.R.S. § 13-603(C). But restitution is not limitless. A loss may be properly compensated by a restitution order only if the loss is an economic loss directly caused by the defendant's charged criminal offenses that would not have occurred "but for" the defendant's criminal offenses. *State v. Wilkinson,* 202 Ariz. 27, 29, ¶ 7 (2002). "Whether specific expenses are economic losses depends upon whether a causal connection exists between the criminal conduct and the claimed loss." *State v. Blanton,* 173 Ariz. 517, 520 (App. 1992). Economic loss does not include "consequential damages," that is, damages that "[did] not flow directly from the defendant's criminal activity." *State v. Madrid*, 207 Ariz. 296, 298, ¶ 5 (App. 2004); A.R.S. § 13-105(16) (excluding "consequential damages" from economic loss).

¶8        "If the loss results from the concurrence of some causal event other than the defendant's criminal conduct, the loss is indirect and consequential and cannot qualify for restitution under Arizona's statutes." *Wilkinson*, 202 Ariz. at 29, ¶ 7 (citing *Lindsley*, 191 Ariz. at 198). Restitution does not include damages that result from a defendant's conduct "combined with the action or inaction of others." *State v. Sexton,* 176 Ariz. 171, 173 (App. 1993).

¶9        Here, the State charged Simpson with sexual misconduct against minors, including S.D., but Mother supported Simpson, causing concern about her ability to protect S.D. from re-victimization. Recognizing these concerns, the superior court took emergency steps to protect S.D., which included ordering Mother and Father to re-open their family law matter to permanently resolve parenting time and legal decision-making questions raised by Mother's relationship with Simpson.

¶10 From there, Mother and Father litigated the family law issues in a parallel proceeding unrelated to Simpson. Nevertheless, Father sought to recover his attorneys' fees for that parallel litigation from Simpson in the form of restitution. Father incurred attorneys' fees from his continued family law dispute with Mother, which was necessary, at least in part, due to Mother's continued relationship with Simpson. Mother's action and inaction, remaining close to Simpson despite the threat to her daughter's safety, required Father to incur attorneys' fees. Simpson's actions alone did not result in Father incurring attorneys' fees in the family law matter. Thus, the fees were consequential rather than a direct result of Simpson's criminal conduct. *Sexton*, 176 Ariz. at 173.

¶11 Accordingly, the superior court did not err in ruling that Father's attorneys' fees in the family law matter are consequential, rather than direct losses, and are thus not recoverable as criminal restitution. *See* A.R.S. § 13-105(16); *Madrid*, 207 Ariz. at 298, ¶ 5.

## CONCLUSION

¶12 We accept jurisdiction and deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA

4