NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

IN RE MONTEITH C.

No. 1 CA-JV 21-0082
FILED 9-30-2021

---

Appeal from the Superior Court in Mohave County
No.  S8015JV202000074
The Honorable Megan A. McCoy, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Law Offices of Harriette P. Levitt, Tucson
By Harriette P. Levitt
*Counsel for Appellant*

Mohave County Attorney's Office, Kingman
By Deborah L. Herbert
*Counsel for Appellee*

---

## MEMORANDUM DECISION

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Maria Elena Cruz joined.

---

**P E R K I N S**, Judge:

¶1          Monteith C. appeals the juvenile court's order awarding $9,223.95 in restitution. For the reasons below, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

¶2          We view the facts in the light most favorable to affirming the juvenile court's restitution decision. *In re Andrew C.*, 215 Ariz. 366, 367, ¶ 6 (App. 2007). In January 2020, Monteith and Brigham H. stole guns, ammunition, knives, and related items from D.D.'s home and truck. Monteith and Brigham then fired multiple gun shots at G.D.'s commercial building. The bullets damaged the building's exterior walls, roof, and two doors. In June 2020, the State petitioned to have Monteith adjudicated delinquent on eight counts: two counts of burglary; three counts of theft of a firearm; theft; criminal damage; and minor in possession of firearms.

¶3          In August 2020, Monteith entered a disposition agreement, pleading delinquent to three counts of theft of a firearm and one count of criminal damage. Monteith agreed to pay restitution on all charges, including the dismissed charges. Victims G.D. and D.D. timely sought restitution from Monteith and Brigham. In September 2020, the juvenile court placed Monteith on probation and set a restitution hearing.

¶4          At a two-day restitution hearing, the juvenile court received testimony from several witnesses, accepted exhibits, and heard argument from the State and Monteith's trial counsel. Monteith, through counsel, cross-examined the victims, challenged their valuations, and called a defense expert to rebut D.D.'s testimony about the value of his guns. The victims offered testimony and evidence to support claims for replacing their damaged property, including D.D.'s property that was damaged before being recovered. Monteith and Brigham denied damaging D.D.'s property and provided testimony and evidence purporting to show the sufficiency and costs of repairing the victims' damaged property. The court found the victims credible and awarded $4,473.95 to G.D. and $4,750.00 to D.D.

¶5        The juvenile court found the victims' requests reasonable, supported by the evidence, and "conservative compared to their true total costs." The court also noted that victims need not accept a repair over a replacement. Monteith timely appealed, and we have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. § 8-235(A).

## DISCUSSION

### I.        Restitution

¶6        Monteith argues the juvenile court abused its discretion in awarding the victims over $9,000 in restitution. After adjudicating a juvenile delinquent, the court "shall order the juvenile to make full or partial restitution to the victim of the offense." A.R.S. § 8-344(A). Restitution is proper for losses that "(1) are economic, (2) would not have occurred but for the juvenile's delinquent conduct, and (3) are directly caused by the delinquent conduct (e.g. not consequential damages)." *Andrew C.*, 215 Ariz. at 368, ¶ 9. We review restitution awards for an abuse of discretion and will not reweigh evidence, only looking to determine if there is sufficient evidence to sustain the award. *In re William L.*, 211 Ariz. 236, 239, ¶ 10 (App. 2005); *In re Andrew A.*, 203 Ariz. 585, 587, ¶ 9 (App. 2002).

¶7        "Arizona permits restitution for a wide variety of expenses, so long as those expenses flow directly from the defendant's criminal conduct." *State v. Quijada*, 246 Ariz. 356, 369, ¶ 43 (App. 2019) (cleaned up). Trial courts have "broad discretion in setting the restitution amount based on the facts of the case," but "may not order restitution that would make the victim more than whole." *William L.*, 211 Ariz. at 239, ¶ 12. A court may award restitution for expenses that are "incurred in an effort to restore the victim's equanimity following the criminal offense." *See Quijada*, 246 Ariz. at 369, ¶ 44 (cleaned up). Victims need not settle for "spot fixing" damage when doing so would fail to restore their equanimity and leave them less than whole. *See id.*

¶8        Victims must prove restitution claims by a preponderance of the evidence and courts may consider a victim's testimony about the value of items. *In re Stephanie B.*, 204 Ariz. 466, 470, ¶ 15 (App. 2003); *State v. Rushing*, 156 Ariz. 1, 4 (1988).

¶9        Monteith claims the juvenile court granted the victims a "windfall" and made them "more than whole" by awarding over $9,000 in restitution, an amount that included the replacement value of many items. But the court found the victims' testimony credible and supported by the evidence. Both victims sought replacement or repair costs for items

Monteith agreed he was responsible for. The victims testified they would be unsatisfied with the repairs Monteith proposed. They requested replacement values, and the court, in its discretion, adopted the valuation method the victims requested. And the victims presented sufficient evidence to sustain the award. Monteith asks us to reweigh evidence and reassess witness credibility, which we will not do. *See Andrew A.*, 203 Ariz. at 587, ¶ 9. The victims' testimony sufficiently linked their losses and Monteith's actions. We find no abuse of discretion.

## II.          Ineffective Assistance

**¶10**          To successfully plead a colorable claim of ineffective assistance of counsel, Monteith must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced him. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Monteith bears the burden of overcoming, with more than mere speculation, the strong presumption that his attorney provided effective assistance. *See id.* at 687–89; *see also State v. Rosario*, 195 Ariz. 264, 268, ¶ 23 (App. 1999).

**¶11**          Nothing in the record shows Monteith's attorney's performance fell below objectively reasonable standards. Counsel challenged the victims' credibility and their valuations and presented alternative theories of compensation for the victims. Counsel also diligently litigated the case through presentation of exhibits, witnesses to rebut the estimates provided by the victims, testimony from Monteith and Brigham, and written closing arguments.

**¶12**          Monteith presents other strategies his attorney could have employed. But having innovative ideas for trial strategy, without showing counsel's actions fell outside the realm of competence and reasonableness, is mere speculation and cannot overcome the strong presumption that counsel's conduct falls within the acceptable range. *See Rosario*, 195 Ariz. at 268, ¶ 23. Monteith failed to prove his attorney's performance fell below objectively reasonable standards. We, therefore, need not consider whether Monteith proved prejudice. *See State v. Salazar*, 146 Ariz. 540, 541 (1985).

## CONCLUSION

¶13      We affirm the juvenile court's restitution award.



AMY M. WOOD • Clerk of the Court
FILED:   AA