NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

SHERRY LYNN BARTIK, *Appellant*.

No. 1 CA-CR 20-0548
FILED 10-21-2021

Appeal from the Superior Court in Mohave County
No. S8015CR201900411
The Honorable Derek C. Carlisle, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eric Knobloch
*Counsel for Appellee*

Mohave County Legal Advocate's Office, Kingman
By Jill L. Evans
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge D. Steven Williams delivered the decision of the Court, in which Judge David B. Gass and Judge James B. Morse Jr. joined.

**W I L L I A M S**, Judge:

¶1        Sherry Lynn Bartik appeals her conviction for second-degree trafficking in stolen property and the resulting restitution order. For reasons that follow, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2        Craig Parker stole property from D.K.'s home, including several unique pieces of jewelry. Within a month, Bartik arrived at a coin and gold shop looking to sell the stolen jewelry. As they spoke, the shop owner grew increasingly concerned Bartik obtained the jewelry in a burglary. Bartik lacked information about the jewelry, expressed alarm that some pieces were particularly valuable, and mentioned she worked as a housecleaner, all of which the owner viewed as "red flags." Bartik sold the shop owner some of the jewelry, but wanted to do additional research on the high-value pieces.

¶3        After Bartik left the shop, the owner contacted detectives and provided them with evidence of the transaction, including the purchased jewelry and sales receipt. Detectives could not locate Bartik using the address she provided on the sales receipt but instead located her using their internal database. Bartik told detectives she found the jewelry discarded on the side of the road in what is commonly referred to as a "curb alert." Bartik could neither provide details of the purported "curb alert," nor the whereabouts of the high-value pieces. Bartik admitted to selling some of the jewelry at the coin and gold shop.

¶4        The State charged Bartik with one count of second-degree trafficking in stolen property, a Class 3 felony, naming Parker as her co-defendant. In a separate proceeding, Parker was convicted of theft and ordered to pay D.K. restitution. At Bartik's trial, she moved unsuccessfully for an acquittal under Arizona Rule of Criminal Procedure 20 and the jury convicted her as charged.

¶5          After a restitution hearing, the trial court ordered Bartik to pay restitution to the shop owner for the cost of the recovered jewelry and to D.K. for the value of the unrecovered jewelry totaling $13,810.00. The trial court suspended Bartik's sentence and placed her on five years of supervised probation with a 150-day jail term. This timely appeal followed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

### I.    Sufficiency of the Evidence

¶6          Bartik argues insufficient evidence supports her conviction. We review the sufficiency of the evidence de novo, considering all facts and resolving all evidentiary conflicts in the light most favorable to sustaining the verdict. *See State v. Bible*, 175 Ariz. 549, 595 (1993). We will reverse only where a complete absence of probative facts supports the conviction, *State v. Childs*, 113 Ariz. 318, 320 (1976), and will not reweigh the evidence or evaluate the credibility of witnesses, *State v. Cid*, 181 Ariz. 496, 500 (App. 1995). Typically, evidence of a defendant's mental state must be inferred from the "behaviors and other circumstances surrounding the event." *State v. Noriega*, 187 Ariz. 282, 286 (App. 1996).

¶7          A person is guilty of second-degree trafficking in stolen property if she recklessly sells, or possesses with the intent to sell, stolen property to another person. *See* A.R.S. §§ 13–2301(B)(3), -2307(A). A person acts recklessly if she "is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists." A.R.S. § 13–105(10)(c).

¶8          The evidence at trial established that Bartik entered the shop with the purpose of selling stolen jewelry. She sold some pieces, choosing to keep others only upon learning of their value. Bartik behaved suspiciously in the shop and in her interview with detectives. She appeared dismayed at the value of some pieces, and gave a vague, nonsensical explanation for possessing the jewelry. On these facts, the jury could properly infer that Bartik acted with a reckless disregard in selling or intending to sell stolen jewelry. *See Noriega*, 187 Ariz. at 286. Sufficient evidence supports Bartik's conviction for second-degree trafficking in stolen property.

## II. Restitution Order

**¶9**     Bartik challenges the trial court's restitution order for the unrecovered jewelry. She argues the loss did not arise from her conviction and should be attributed solely to her co-defendant. We review the trial court's restitution order for an abuse of discretion. *See State v. Slover*, 220 Ariz. 239, 242, ¶ 4 (App. 2009). The trial court has substantial discretion in determining the amount of restitution to be ordered, and we will uphold the order if the amount bears a reasonable relationship to the victim's loss. *See State v. Madrid*, 207 Ariz. 296, 298, ¶ 5 (App. 2004) (citations omitted).

**¶10**     Arizona law requires the trial court order restitution for the full economic loss to the victim. *See* A.R.S. § 13-603(C); *State v. Steffy*, 173 Ariz. 90, 93 (App. 1992). The trial court must "consider all losses caused by the criminal offense or offenses for which the defendant has been convicted." *See* A.R.S. § 13-804(B). "Economic loss" is defined as "any loss incurred by a person as a result of the commission of an offense." A.R.S. § 13-105(16). Co-defendants are jointly and severally liable for the economic loss caused by the criminal offense. *See* A.R.S. § 13-804(F); *see also State v. Lewis*, 222 Ariz. 321, 326-27, ¶ 18 (App. 2009) (noting that two participants in criminal conduct can be held liable if either or both caused the loss).

**¶11**     Bartik possessed the unrecovered jewelry, initially intended to sell the pieces, and never returned them to detectives. This conduct falls squarely within the definition of second-degree trafficking in stolen property. *See* A.R.S. §§ 13–2301(B)(3), -2307(A). The trial court could reasonably infer that the evidence underlying Bartik's conviction, namely her unlawful possession of the jewelry, directly resulted in D.K.'s economic loss. *See State v. Lindsley*, 191 Ariz. 195, 197 (App. 1997) (requiring restitution for loss resulting from a defendant's possession of stolen property, despite never being charged with theft). Even so, the trial court could find Bartik and her co-defendant jointly and severally liable for the restitution. The loss resulted from Bartik trafficking items stolen by her co-defendant and may be attributed to either or both under Arizona law. *See* A.R.S. § 13-804(F); *Lewis*, 222 Ariz. at 326-27, ¶¶ 18-19. The trial court was within its discretion to order Bartik pay restitution for the unrecovered jewelry.

**CONCLUSION**

¶12     We affirm Bartik's conviction and restitution order.

