NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IN RE JOSEPH G.

No. 1 CA-JV 22-0022
FILED 8-23-2022

Appeal from the Superior Court in Maricopa County
No. JV207124
The Honorable Melody Harmon, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Maricopa County Public Advocate, Phoenix
By James R. Walker
*Counsel for Appellant*

Maricopa County Attorney's Office, Phoenix
By Faith Cheree Klepper
*Counsel for Appellee*

_____

**MEMORANDUM DECISION**

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Randall M. Howe and Judge D. Steven Williams joined.

_____

**W E I N Z W E I G**, Judge:

¶1        Joseph G. appeals from the juvenile court's restitution award. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Joseph was arrested in March and April 2021 for stealing his friend's truck, running from the police and having a firearm. He was seventeen at the time. He damaged the stolen truck while on the run. The state filed a delinquency petition, charging Joseph with unlawful use of transportation under A.R.S. § 13-1803(A)(1), flight from law enforcement under A.R.S. § 28-622.01, and minor in possession of a firearm under A.R.S. § 13-3111.

¶3        Joseph entered a plea agreement to resolve all three charges. He pled delinquent to possessing a weapon. In return, the state agreed to drop the vehicle-related offenses. The plea agreement directed that (1) Joseph "will be adjudicated (convicted in juvenile court) on the charge(s) stated above without the filing of any additional legal documents," and (2) Joseph "[gave] up the right to argue any motions, defenses, objections, or requests which "he could bring up at an adjudication hearing." Joseph also "agree[d] to pay restitution to all victims, for all economic loss arising out of Phoenix Departmental Report: 2021-000005416852 and all supplements, even if counts are amended, modified, not charged, or dismissed pursuant to this plea." That police report recounted Joseph's truck theft and police pursuit. Joseph initialed each paragraph of the plea agreement, including the restitution paragraph.

¶4        The juvenile court adjudicated Joseph delinquent. It found Joseph "knowingly, intelligently and voluntarily" entered the plea "with full knowledge of the possible consequences." It also found that Joseph had a factual basis for his admission.

¶5        About four months later, the court held a restitution hearing to determine the amount of restitution. The victim and her father testified. The victim described the damage to her truck, provided repair estimates

and testified about the costs. Based on that testimony, the court ordered Joseph to pay the victim $14,740.71 in restitution. Joseph timely appealed. We have jurisdiction. *See* A.R.S. §§ 8-325, 12-120.21(A)(1).

## DISCUSSION

**¶6** Joseph contends the restitution order must be reversed because the state never proved that he damaged the truck. We review a juvenile court's restitution order for an abuse of discretion, viewing the evidence in the light most favorable to upholding the order. *In re Andrew C.*, 215 Ariz. 366, 367, ¶ 6 (App. 2007). "We will not reweigh evidence, but look only to determine if there is sufficient evidence to sustain the juvenile court's ruling." *In re Andrew A.*, 203 Ariz. 585, 587, ¶ 9 (App. 2002).

**¶7** Restitution may be ordered for economic losses that would not have occurred but for the juvenile's delinquent conduct. *State v. Wilkinson*, 202 Ariz. 27, 29, ¶ 7 (2002); A.R.S. § 8-344(A) ("If a juvenile is adjudicated delinquent, the court, after considering the nature of the offense and the age, physical and mental condition and earning capacity of the juvenile, shall order the juvenile to make full or partial restitution to the victim of the offense for which the juvenile was adjudicated delinquent."). The state bears the burden of proof by a preponderance of the evidence. *See In re William L.*, 211 Ariz. 236, 238, ¶ 6 (App. 2005). The court has discretion to draw inferences from the evidence, which we leave undisturbed if reasonably supported by the evidence. *See Andrew A.*, 203 Ariz. at 587, ¶¶ 9-10.

**¶8** The juvenile court did not abuse its discretion. First, Joseph agreed to pay restitution under the plea agreement. *State v. Reese*, 124 Ariz. 212, 214-15 (App. 1979) (restitution is appropriate when a defendant "consents to such restitution" "in a plea agreement or otherwise"). To avoid more serious charges, Joseph entered a plea agreement in which he admitted to possessing a weapon as a minor. In doing so, he "[gave] up the right to argue any motions, defenses, objections, or requests which []he could bring up at an adjudication hearing." He also "agree[d] to pay restitution to all victims, for all economic loss arising out of [the] Phoenix Departmental Report . . . and all supplements, even if counts are amended, modified, not charged, or dismissed pursuant to this plea."

**¶9** That police report was incorporated into the plea agreement. Plea agreements are "contractual in nature" and "subject to contract interpretation." *See Coy v. Fields*, 200 Ariz. 442, 445, ¶ 9 (App. 2001). Applied here, the police report was incorporated into the plea agreement

by reference. *See Climate Control, Inc. v. Hill*, 86 Ariz. 180, 188 (1959) ("Matters contained in other writing which are referred to are to be regarded as part of the contract and proper to be considered in the interpretation of the contract."). Joseph agreed to accept liability for any damage arising from acts recounted in that report, despite the dismissal of charges under the plea agreement.

¶10        Beyond that, the juvenile court heard from the victim, who explained when the vehicle was damaged and described the repair costs. A court may consider a victim's testimony about reasonable damages for injury or loss of property. A.R.S. § 8-344(B). Joseph never said who else might have caused the truck's damage, or points to conflicting record evidence. *See State v. Wilson*, 185 Ariz. 254, 260 (App. 1995) (restitution amount reasonable when there was no evidence that "directly controverted [the victim's] testimony").

**CONCLUSION**

¶11        We affirm the juvenile court's restitution order.

