NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DAVID ANDREW PEREZ, *Appellant.*

No. 1 CA-CR 24-0282

FILED 01-09-2025

Appeal from the Superior Court in Yavapai County
No. S1300CR202300197
The Honorable Jeanne M. Garcia, Judge

**AFFIRMED**

COUNSEL

Michael J. Dew, Phoenix
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Michael S. Catlett and Vice Chief Judge Randall M. Howe joined.

**P E R K I N S**, Judge:

**¶1**          David Andrew Perez timely appealed under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969) following his conviction for criminal trespass in the first degree. Perez had the opportunity to file a supplemental brief but did not do so. Perez's counsel searched the record and advised this Court that he found no arguable, non-frivolous question of law. *See Anders*, 386 U.S. at 744; *State v. Melendez*, 256 Ariz. 14, 19, ¶ 1 (App. 2023).

**¶2**          We must "review the entire record for reversible error, viewing the evidence in the light most favorable to sustaining the convictions and resolving all reasonable inferences against [Perez]." *Melendez*, 256 Ariz. at 19, ¶ 1 (cleaned up). After reviewing the record, we affirm Perez's conviction and sentence.

## FACTS AND PROCEDURAL BACKGROUND

**¶3**          Perez was a transient laborer living out of his truck in Prescott. Perez regularly parked his truck in front of an apartment building.

**¶4**          In February 2023, a tenant in the apartment building reported water leaking through their ceiling from the vacant unit above. Maintenance workers responding to the report found the back door of the vacant unit open. They reported this information to the building's owner, who then instructed his property manager to call the police.

**¶5**          The responding police officer found no signs of occupancy in the vacant unit. The officer also testified that the water that prompted the police call had already been cleaned up by the time he arrived. The officer continued searching the property and found boxes of personal belongings in a common area of the building. On top of one of the boxes, the officer found a pill bottle with Perez's name on it.

**¶6**          The police officer returned to the apartment building the next day and spoke to Perez. During that conversation, Perez admitted that he had entered the vacant apartment without permission. The officer then arrested Perez.

**¶7**          The State charged Perez with one count of criminal trespass, a class 6 felony, and one count of criminal damage, a class 6 felony. At trial, Perez moved for a judgment of acquittal on both counts under Arizona Rule of Criminal Procedure 20. The court denied his motion and

sent the case to the jury. The jury found Perez guilty of criminal trespass but not guilty of criminal damage.

**¶8** The court found Perez had two non-historical prior felony convictions, and sentenced him as a category-one, non-dangerous, repetitive offender. *See* A.R.S. § 13-703. The court considered Perez's age, cooperation with police, homelessness, and disability as mitigating factors, *see* A.R.S. § 13-701(E), and imposed a mitigated sentence of three months with 50 days of presentence incarceration credit.

**¶9** The superior court did not order restitution. Restitution is mandatory. A.R.S. § 13-603(C); *State v. Lindsley*, 191 Ariz. 195, 197 (App. 1997). Despite this error, "we will not correct sentencing errors that benefit a defendant, in the context of his own appeal, absent a proper appeal or cross-appeal by the [S]tate." *State v. Kinslow*, 165 Ariz. 503, 507 (1990).

## DISCUSSION

**¶10** The record reflects that the superior court conducted all proceedings in compliance with the Arizona Rules of Criminal Procedure. *See State v. Gomez*, 27 Ariz. App. 248, 251 (1976) (citing Ariz. R. Crim. P. 1.2). Perez was represented by counsel at all stages of the proceedings. Perez failed to appear at an early disposition hearing, but the record shows he had notice of the hearing and his absence was not involuntary. Perez was not present at a pretrial conference and a portion of the Rule 20 motion at trial, but counsel waived his presence for the time he was absent. Perez was otherwise present at all critical stages of the proceedings. The record reveals sufficient evidence from which the jury could determine, beyond a reasonable doubt, that Perez was guilty of trespassing in the apartment building. Perez spoke at sentencing. The court stated on the record the factors it considered in imposing Perez's sentence, *see* Ariz. R. Crim. P. 26.10, and sentenced him within the statutory guidelines, *see* A.R.S. §§ 13-701 to -709.

## CONCLUSION

**¶11** We have reviewed the entire record for arguable issues of law and find none. We therefore affirm Perez's conviction and resulting sentence. *See Leon*, 104 Ariz. at 300–01.

**¶12** Defense counsel's obligations pertaining to Perez's representation in this appeal have ended. Counsel need do no more than inform Perez of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the

Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the Court's own motion, Perez has 30 days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration. Perez also has 30 days from the date of this decision to proceed, if he wishes, with a pro per petition for review.

