NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

MICHAEL JOSEPH BARRAGAN, *Appellant*.

No. 1 CA-CR 19-0263

FILED 3-24-2020

Appeal from the Superior Court in Maricopa County
No. CR2018-131879-001
The Honorable William R. Wingard, Judge *Pro Tempore*

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mark E. Dwyer
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Kent E. Cattani and Judge James B. Morse Jr. joined.

**C R U Z**, Judge:

¶1 This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Michael Joseph Barragan ("Barragan") has advised this court that counsel found no arguable questions of law and asks us to search the record for fundamental error. Barragan was convicted of assault, a lesser included offense of aggravated assault. Barragan was given an opportunity to file a supplemental brief *in propria persona*; he has not done so. After reviewing the record, we affirm Barragan's conviction, but modify the sentence to conform to the verdict and the superior court's oral pronouncement at the sentencing hearing.

## FACTUAL AND PROCEDURAL HISTORY

¶2 We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Barragan. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

¶3 On June 26, 2018, Barragan was released and on probation for sentences of threatening and intimidating, and armed robbery. On the following day, Barragan reported to the adult probation department as required by his release conditions.

¶4 Barragan's probation officer, B.M., met with Barragan in an interview room to discuss Barragan's conditions while on intensive probation. When B.M. told Barragan that he had to live in a sober living facility, Barragan objected and became angry. B.M. then called a supervisor and told Barragan he would be arrested if he did not comply with the housing condition. Barragan then reached across the desk and attempted to punch B.M. in the face. B.M. stood up and directed Barragan to turn around and put his hands behind his back. Barragan swung at B.M again. This time, Barragan hit B.M. on the left side of his face. B.M. then attempted to arrest Barragan but Barragan resisted. B.M. forced Barragan to the

ground. Eventually, two other probation officers provided assistance and Barragan was arrested.

**¶5** Officers from Phoenix Police Department arrived at the probation department and noticed that B.M.'s face was swollen and red. B.M. told the officers what happened. The officers then took photos of B.M. and Barragan and took Barragan into custody.

**¶6** The State charged Barragan with aggravated assault, a Class 5 felony. Specifically, the State alleged that Barragan committed aggravated assault when he knowingly touched B.M. with the intent to injure, insult or provoke him, while knowing that B.M. was a peace officer. *See* Arizona Revised Statutes ("A.R.S.") sections 13-1203(A)(3), -1204(A)(8)(a); *see also In re David H.*, 192 Ariz. 459, 461, ¶ 5 (App. 1998) (holding that a probation officer is a peace officer for purposes of the aggravated assault statute).

**¶7** At the first pretrial conference, Barragan requested to represent himself. The court advised Barragan of his right to counsel, the responsibilities of self-representation, and the potential consequences if the alleged charge was proven. When asked why he wanted to represent himself, Barragan raised a litany of complaints, asserting that he was dissatisfied with discovery, he was entitled to be released pending trial, and that he was being denied access to legal calls while in jail. At the hearing, Barragan interrupted the court to such an extent that the court stated, "I don't . . . feel like we're having a conversation and you're listening to me to be able to go through with the entire waiver." Barragan eventually responded to the court's questioning, and the court found that Barragan knowingly, intelligently, and voluntarily waived his right to counsel.

**¶8** During a subsequent change of plea hearing, the State pointed out that Barragan had signed the plea agreement but incorrectly dated it September 27. Even after the court informed him that it was August 30, Barragan continued to assert that it was September. Barragan then became unruly and after an outburst of profanity, requested to be removed from the courtroom and the court acquiesced. Based on this event and Barragan's misunderstanding of the date, the court ordered that he go through proceedings under Arizona Rule of Criminal Procedure ("Rule") 11. The court also rescinded its previous order granting waiver of counsel and reappointed counsel to Barragan.

**¶9** During the Rule 11 proceedings, the parties stipulated to allow the court to make a competency determination based on the reports

from three doctors. The court found Barragan "able to understand the court proceedings" and "able to assist [his] lawyer in the defense of this matter." At the conclusion of the hearing, Barragan interrupted the court as he had done in all the previous hearings, asserting that he should be released pending trial and that he wished to subpoena the security footage at the jail, which would show that he was in custody at the time of the offense.[1] Counsel for Barragan requested the security footage from the jail. However, pursuant to jail policy, the video had been deleted after two months. The State was able to provide the booking records contradicting Barragan's assertion that he was in custody. Additionally, the court advised Barragan that any future legal motion should be in writing and be presented at the next conference.

¶10        At the next conference, Barragan told the court that he wanted new counsel, which the court granted. Barragan also sought to challenge the indictment and to subpoena the security footage. The court again advised Barragan that all motions must be in writing and be presented by counsel. Nevertheless, at the next conference, Barragan asked the court to dismiss the case. The court warned Barragan that if he continued to make legal arguments when he had counsel, he would be removed from the courtroom. Barragan became unruly, failed to take the court's direction, and requested to represent himself. The court ended the conference and noted that Barragan had a history of failing to abide by the court's directives. Therefore, the court denied his request to represent himself.

¶11        During the final pretrial conference, Barragan rejected the State's plea offer and again interrupted the court asserting that the security footage at the jail would prove he was innocent. The court told Barragan at least three times that the court did not need to hear from him and warned him that he would be removed if he continued to talk. Barragan continued to talk, and the court had Barragan removed from the courtroom. The court then scheduled the trial date.

---

[1]        On multiple occasions, Barragan also raised his right to a speedy trial. However, the court excluded the time from August 30, 2018, through November 8, 2018, (70 days) for the Rule 11 proceedings; the time from November 29, 2018, to December 13, 2018, (14 days) because of the appointment of new counsel; and the time between February 7, 2019, and March 27, 2019, (48 days) because counsel needed more time to review discovery. Therefore, the last day became April 18, 2019. Barragan's trial was completed on April 4, 2019.

¶12           B.M. and Officer Brown, who arrested Barragan at the probation office, testified at trial. B.M. identified Barragan and stated that Barragan was the one who punched him in the face on June 27, 2019, that he introduced himself to Barragan as a probation officer, and that he told Barragan he had the authority to arrest him. Officer Brown also identified Barragan, and the photos taken by Officer Brown of Barragan and B.M. were admitted as exhibits. At the close of the State's case, counsel for Barragan moved for Rule 20 judgment of acquittal. Finding that there was substantial evidence of aggravated assault, the court denied the motion.

¶13           Barragan took the stand at trial, but immediately refused to respond to questions from his counsel. Instead, he asserted that there was security footage that would show he was innocent and that he was being denied his right to a speedy trial. The court tried to take control of the situation, but Barragan ignored the court's directions to stop. The court excused the jury and asked Barragan if he would answer the questions that are asked by counsel. Barragan said no and reasserted his right to not testify. After conferring with counsel, Barragan decided to not testify. The court told the jury that Barragan elected to not testify and provided instructions that the defendant need not testify. The court also included an instruction on simple assault, a lesser included offense of aggravated assault.

¶14           The jury was unable to agree on the aggravated assault charge. However, the jury found Barragan guilty of assault, a Class 3 misdemeanor. The court also found that because Barragan was convicted, he was in automatic violation of his probation related to his two earlier charges of threatening and intimidating, and armed robbery.

¶15           The court conducted the sentencing hearing in compliance with Barragan's constitutional rights and Rule 26. The court found Barragan's mental health history and prior substance abuse to be mitigating factors. The court sentenced Barragan to a term of thirty days for assault, including fines, and ordered a presentence credit for thirty days served. The court also revoked Barragan's probation for his two earlier offenses of threatening and intimidating, a Class 3 felony, and armed robbery, a Class 2 felony. The court sentenced Barragan to a term of three and one-half years for threatening and intimidating and a term of five years for armed robbery. The court ordered presentence credit of 364 days for threatening and intimidating and 508 days for armed robbery. The court ordered these sentences to be served concurrently. Finally, the court ordered a term of community supervision of one-seventh of the terms of imprisonment.

**DISCUSSION**

¶16        We review Barragan's conviction and sentence for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011). Counsel for Barragan has advised this court that after a diligent search of the entire record, counsel has found no arguable question of law. We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, counsel represented Barragan at all stages of the proceedings, or Barragan otherwise waived his right to counsel. The sentence imposed was within the statutory guidelines.[2]

¶17        We decline to order briefing and affirm Barragan's conviction and sentence. However, our review of the record revealed a discrepancy between the verdict, oral pronouncement, and sentencing order. The jury was unable to agree on the aggravated assault charge but found Barragan guilty of "Assault (lesser included offense of Aggravated Assault)." Pursuant to A.R.S. § 13-1203(A), a person may commit assault in three different ways. One way a person commits assault is by "[k]nowingly touching another person with the intent to injure, insult or provoke such person." A.R.S. § 13-1203(A)(3). The jury instructions read to Barragan's jury defined assault within aggravated assault as, "Knowingly touched another person with the intent to injure, insult or provoke that person." Pursuant to A.R.S. § 13-1203(B), this type of assault is a Class 3 misdemeanor. The court's oral pronouncement provided that Barragan was convicted of assault pursuant to A.R.S. § 13-1203(A)(3), a Class 3 misdemeanor, and the sentence imposed was within the statutory range for a Class 3 misdemeanor. Despite the verdict and oral pronouncement, the written sentencing order states that Barragan was convicted of aggravated assault, a Class 5 felony. "When a discrepancy between the trial court's oral pronouncement of a sentence and the written minute entry can be clearly resolved by looking at the record, the '[o]ral pronouncement in open court controls over the minute entry.'" *State v. Ovante*, 231 Ariz. 180, 188, ¶ 38 (2013) (quoting *State v. Whitney*, 159 Ariz. 476, 487 (1989)). Because the verdict and the court's oral pronouncement provide that Barragan was convicted of assault, *see* A.R.S. § 13-1203(A)(3), (B), we modify the sentencing order to reflect a conviction for assault, a Class 3 misdemeanor.

---

[2]        As it relates to the threatening and intimidating, and armed robbery matters, we only note that the terms of imprisonment were authorized by law. The assault case is the only matter on appeal before us.

*See Ovante*, 231 Ariz. at 188, ¶ 39 (ordering correction of the minute entry and affirming the court's oral pronouncement of the sentence).

**¶18** Upon the filing of this decision, defense counsel shall inform Barragan of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Barragan shall have thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

**¶19** For the foregoing reasons, we affirm Barragan's conviction, but modify the sentencing order to reflect a conviction of assault, not aggravated assault.



AMY M. WOOD • Clerk of the Court
FILED:  AA